United States Court of Appeals
Fifth Circuit

**F I L E D**

December 12, 2005

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30549
Summary Calendar
_____

IRLIN C. THOMAS,

Plaintiff-Appellant,

versus

JO ANNE B. BARNHART,
Commissioner of the Social Security Administration

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana
No. 1:03-CV-1158
_____

Before JONES, WIENER, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Appellant Irlin C. Thomas appeals the district court's decision dismissing her case as moot. We dismiss this appeal as frivolous. See 5ᵗʰ Circuit Local Rule 42.2.

In November 1992, Ms. Thomas was awarded supplemental security income ("SSI") under Title XVI of the Social Security Act. On August 1, 2001, the Social Security Administration determined that Thomas's disability had ceased and that she no longer qualified for SSI. Thomas appealed the finding, and Administrative

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Law Judge ("ALJ") Curlee upheld the finding of disability cessation on November 20, 2002. Thomas subsequently sought judicial review of ALJ Curlee's decision in the district court under 42 U.S.C. § 405(g).

During the pendency of her district court case, Thomas reapplied for SSI. In a decision dated October 29, 2004, ALJ Markart reopened and revised ALJ Curlee's November 2002 decision and found that Thomas had been disabled since August 1, 2001. As a result of the finding, ALJ Markart fully restored Thomas's SSI as of the date payments had ceased, August 1, 2001. In light of the full restoration of SSI, the Commissioner moved to dismiss Thomas's district court case pursuant to FED. R. CIV. P. 12(b)(1) on the basis that there was no longer an issue to be resolved by the district court. The district court subsequently entered judgment dismissing with prejudice Thomas's case as moot.

Thomas appeals the district court's judgment, arguing that: 1) the district court should not have relied upon ALJ Markart's decision because it was not part of the record, 2) the district court did not explain the basis for its finding of mootness, and 3) ALJ Markart improperly reopened ALJ Curlee's November 2002 decision.

We review the district court's 12(b)(1) decision de novo. LeClerc v. Webb, 41 F.3d 405, 413 (5th Cir. 2005). First, the district court properly relied upon ALJ Markart's decision in deciding the 12(b)(1) motion. See Ramming v. United States, 281

2

F.3d 158, 161 (5th Cir. 2001). Second, in response to the 12(b)(1) motion, Thomas failed to carry her burden and make a showing that subject-matter jurisdiction continued to exist after her SSI had been fully restored by ALJ Marart's decision. See id. Finally, under 20 C.F.R. § 416.1488(b), ALJ Markart was authorized to reopen ALJ Curlee's decision. There is no possible doubt that the district court correctly dismissed Thomas's case as moot. This appeal is frivolous.

**DISMISSED.**