# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 23, 2009

Charles R. Fulbruge III
Clerk

No. 09-60365
Summary Calendar

FRANK K. ECKER; JUVENILE FEMALE KJE, By and Through Her Father
and Next Friend, Frank K. Ecker,

Plaintiffs-Appellants

v.

UNITED STATES OF AMERICA,

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:07-CV-1101

Before JONES, Chief Judge, and GARZA and PRADO, Circuit Judges.

PER CURIAM:[*]

Appellants Frank Ecker and his daughter sustained serious injuries in
Hancock County, Mississippi, when their Mitsubishi Galant was struck in the
rear by a National Guard military truck driven by Staff Sergeant ("SSG")
James P. Childs. The Eckers filed a complaint against the United States
pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et. seq.* The
United States moved to dismiss for lack of subject matter jurisdiction because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

the Eckers' claims did not fall within the FTCA's waiver of sovereign immunity. The district court granted the United States' motion. The Eckers now appeal.

Following Hurricane Katrina, Mississippi Governor Haley Barbour declared a State of Emergency pursuant to the Mississippi Emergency Management Law. *See* Miss. Code Ann. § 33-15-1(b)(17). The Adjutant General of the State of Mississippi requested assistance of a National Guard Joint Task Force to perform command and control for relief efforts. The Georgia National Guard responded to Mississippi's Interstate Mutual Aid Request. Staff Sergeant Childs, a member of the Georgia Army National Guard, was ordered to active duty to assist in these efforts. At the time of the accident, Childs was acting in the scope of his employment as a federal employee, albeit subject to the control of the Adjutant General of Mississippi and thus the Governor of Mississippi.

This court reviews *de novo,* applying the same standard as the district court, dismissal under Fed. Rule of Civ. Proc. 12(b)(1) for lack of subject matter jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). The party asserting jurisdiction bears the burden of proof. *Id*.

Sovereign immunity ordinarily protects the United States from liability and deprives courts of subject matter jurisdiction over the claims against it. *See United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961 (1983). The FTCA, however, effects a limited waiver of sovereign immunity, affording federal court jurisdiction where the United States shall be liable in tort "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Substantively, the United States is liable for damages "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b).

To prove that their claims are within the FTCA's waiver of sovereign immunity, the appellants must demonstrate that Childs was 1) an employee of the federal government; 2) acting withing the scope of his employment; and 3) liable under Mississippi law. Because there is no dispute over the first two elements, the issue here is whether Childs would be liable under Mississippi law.

The Mississippi Emergency Management Law ("MEML") provides immunity from tort liability, except in cases of willful misconduct, to agents and representatives of state and other agencies engaged in emergency management activities.[1] The district court noted, that at the time of the accident, Childs was engaged in precisely such a mission. Consequently, if he were a Mississippi state or local employee, Childs would be considered an agent or representative of the state for purposes of § 33-15-21 of the MEML, and he would be entitled to immunity under the plain language of § 33-15-21(a). Treating the United States as a private individual in similar circumstances, that is, as a private individual engaged in emergency management activities for the state of Mississippi, means the United States is also immune under § 33-15-21. It follows that the appellants' claims are not within the FTCA's limited waiver of sovereign immunity, and that the district court lacks subject matter jurisdiction.

The judgment dismissing the claims is AFFIRMED.

---

[1] Miss. Code Ann. § 33-15-21(a) provides:

> Neither the state nor any political subdivision thereof, nor other agencies, nor, except in cases of willful misconduct, the agents, employees, or representatives of any of them engaged in any emergency management activities, while complying with or attempting to comply with this article or any rule or regulation promulgated pursuant to the provisions of this article, shall be liable for the death of or any injury to persons, or damages to property, as a result of such activity.