Revised January 29, 2002

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20079
_____

LAWRENCE H. RAMMING,

Plaintiff,

versus

UNITED STATES OF AMERICA,

Defendant.

--------------------------------------------------------

JOHN THOMAS CLOUD,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Southern District of Texas

_____

December 19, 2001

Before SMITH and EMILIO M. GARZA, Circuit Judges, and CUMMINGS, District Judge.[1]

PER CURIAM:

_____

[1]District Judge of the Northern District of Texas, sitting by designation.

John Thomas Cloud ("Appellant") appeals the district court's dismissal of Appellant's action against the United States ("Appellee") for malicious prosecution and other prosecutorial misconduct as time-barred. We **AFFIRM**.

## I. BACKGROUND

In 1994, a federal jury indicted Appellant and several co-defendants on a 27-count indictment for bank fraud, wire fraud, and other offenses. The case was tried in a non-jury proceeding from November 1995 through January 1996. On January 12, 1996, the United States District Court for the Southern District of Texas, Kenneth M. Hoyt, J., granted Appellant's and co-defendants' motion for acquittal and dismissal on the basis of prosecutorial misconduct citing, *inter alia*, the following litany of misconduct in support thereof:

- the government failed in its duty to be forthright in the disclosure of *Brady* materials;

- the government failed to produce . . . questionable materials so that the . . . rights of the defendants could be protected;

- the government intentionally failed or refused to comply with the law;

- the failing of the government, in its duty under the federal Constitution to not violate the Sixth Amendment rights of the defendants to a fair and open trial;

- the government made misrepresentations of facts to the Court. . . . At the very least, this conduct was reckless. At most, it was intended as a fraud on the Court;

- transcripts of the Grand Jury testimony . . . was [sic] wrought with statements that both supported the defendants' theory of the case and foiled that of the government;

2

- the testimony . . . supports the defendants' claim of innocence;

- the government's contentions of equal access, neutral evidence, that the defendants were aware of the information possessed by the Grand Jury, that the testimony was merely impeachment, and that they acted in good faith, is incredible. Only a person blinded by ambition or ignorance of the law and ethics would have proceeded down this dangerous path.

*United States v. Ramming*, 915 F. Supp. 854, 867-68 (S.D. Tex. 1996).

On November 26, 1997, Appellant filed a voluntary Chapter 11 bankruptcy petition, and on September 9, 1999, Appellant's plan of reorganization was confirmed by the bankruptcy court. On March 18, 1999, Appellant presented his administrative claim of malicious prosecution against Appellee and also presented a supplemental claim on November 1, 1999. On October 20, 1999, Appellant's administrative claim was denied.

On December 30, 1999, Appellant filed his prosecutorial misconduct action against Appellee in federal court. The District Court for the Southern District of Texas, Vanessa D. Gilmore, J., dismissed Appellant's claim under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Judge Gilmore held that Appellant's claim was time-barred under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2401(b).

Judge Gilmore's order of December 30, 1999, also rejected Appellant's argument that Appellant was entitled to a two-year extension of the FTCA limitations period as of the date of his November 26, 1997, bankruptcy filing pursuant to 11 U.S.C. § 108(a) of the Bankruptcy Code. In rejecting Appellant's argument, Judge Gilmore held that Appellant was entitled to the sixty-day

extension of the limitations period available under 11 U.S.C. § 108(b), but, in any event, the sixty-day period had also expired prior to the time Appellant filed his malicious prosecution suit.

## II. STANDARD OF REVIEW

This Court evaluates *de novo* the district court's grant of Appellee's Rules 12(b)(1) and 12(b)(6) motion for dismissal applying the same standard used by the district court. *Hebert v. United States*, 53 F.3d 720, 722 (5th Cir. 1995).

Motions filed under Rule 12(b)(1) of the Federal Rules of Civil Procedure allow a party to challenge the subject matter jurisdiction of the district court to hear a case. FED. R. CIV. P. 12(b)(1). Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996).

The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *McDaniel v. United States*, 899 F. Supp. 305, 307 (E.D. Tex. 1995). Accordingly, the plaintiff constantly bears the burden of proof that jurisdiction does in fact exist. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits. *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam). This requirement prevents a court without jurisdiction from prematurely dismissing a case with prejudice. *Id.* The court's dismissal of a plaintiff's case because the plaintiff lacks subject matter jurisdiction is not a

4

determination on the merits and does not prevent the plaintiff from pursuing a claim in a court that does have proper jurisdiction. *Id.*

In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute. *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief. *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998).

Motions to dismiss for failure to state a claim are appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim. FED. R. CIV. P. 12(b)(6). The test for determining the sufficiency of a complaint under Rule 12(b)(6) was set out by the United States Supreme Court as follows: "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Grisham v. United States*, 103 F.3d 24, 25-26 (5th Cir. 1997).

Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). Further, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec. Inc.*, 94 F.3d 189, 194 (5th Cir. 1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Hitt*, 561 F.2d at

608. In other words, a motion to dismiss an action for failure to state a claim "admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th Cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

## III.  DISCUSSION

### A.    Accrual of Appellant's Malicious Prosecution Cause of Action

The FTCA mandates that

> [a] tort claim against the United States shall be forever barred
> unless it is presented in writing to the appropriate Federal agency
> within two years after such claim accrues or unless action is begun
> within six months after the date of mailing . . . of notice of final
> denial of the claim by the agency to which it was presented.

28 U.S.C. § 2401(b) (1994).  Although phrased in the disjunctive, "this statute requires a claimant to file an administrative claim within two years [of accrual] *and* file suit within six months of its denial." *Houston v. United States Postal Serv.*, 823 F.2d 896, 902 (5th Cir. 1987) (emphasis in original). *See also Willis v. United States*, 719 F.2d 608, 612 (2d Cir. 1983); *Schuler v. United States*, 628 F.2d 199, 201 (D.C. Cir. 1980).

Here, the threshold issue is determining when Appellant's claim accrued.  Appellant contends that his claim did not accrue at the time of his acquittal in January 1996 but only accrued in December 1998 when one of his acquitted co-defendants discovered the contents of the grand jury transcripts which had led to Appellant's and his co-defendants' original indictment.  Appellee

6

contends, however, that Appellant's claim accrued, and the limitations period began to run, when Appellant was acquitted.

Before a malicious prosecution claim can accrue, the underlying criminal proceeding must terminate in the plaintiff's favor. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Based on the repeated instances of prosecutorial misconduct enumerated by Judge Hoyt, Appellant and his co-defendants were acquitted of all charges on January 12, 1996. Thus, the proceeding was terminated in Appellant's favor.

A cause of action under federal law accrues within the meaning of § 2401(b) "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Brown v. Nationsbank Corp.*, 188 F.3d 579, 589-90 (5th Cir. 1999) (internal quotes and citations omitted), *cert. denied*, 530 U.S. 1274 (2000). In FTCA cases,

> [a] plaintiff . . . armed with the facts about the harm done to him, can protect himself by seeking advice in the medical and legal community. To excuse him from promptly doing so by postponing the accrual of his claim would undermine the purpose of the limitations statute, which is to require the reasonably diligent presentation of tort claims against the Government.

*United States v. Kubrick*, 444 U.S. 111, 123 (1979).

Ascertaining Appellant's awareness of the existence of a possible cause of action has two elements: "(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions." *Piotrowski v. City of Houston*, 51 F.3d 512, 516 (5th Cir. 1995). As to causation, Appellant

> need not have knowledge of fault in the legal sense for the statute to begin to run, but [Appellant] must have knowledge of facts that would lead a reasonable person (a) to conclude that there was a causal connection . . . or (b) to seek professional advice, and then,

7

with that advice, to conclude that there was a causal connection between [Appellee's acts] and [Appellant's] injury.

*Id.* (internal quotes and citations omitted).

Certainly, Judge Hoyt's unequivocal iteration of examples of prosecutorial misconduct leaves little doubt that, at the time of Appellant's acquittal, Appellant had ample evidence of essential facts which would support the possible existence of a claim for malicious prosecution. At the very least, Appellant was in a position "to seek professional advice" from a lawyer or other expert, and "then, with that advice, to conclude that there was a causal connection between [Appellee's acts] and [Appellant's] injury." *Id. See also Brown v. United States*, 653 F.2d 196, 199 (5th Cir. 1981) (holding that, in a malicious prosecution action under Texas law, malice may be inferred from the lack of probable cause or the conclusion that the government acted in reckless disregard of an individual's rights). Further, the "requirement of diligent inquiry imposes an affirmative duty on the potential plaintiff to proceed with a reasonable investigation in response to an adverse event." *Pacheco v. Rice*, 966 F.2d 904, 907 (5th Cir. 1992).

The difficulty here is that Appellant did not conduct an inquiry, diligent or otherwise, even though Appellant knew or had reason to know of the injury forming the basis of a possible malicious prosecution claim as of January 12, 1996. We are not free to construe § 2401(b) so as to defeat its obvious purpose of encouraging the prompt presentation of claims, *Kubrick*, 444 U.S. at 118, and we discern no sound reason for visiting the consequences of Appellant's investigative omission upon Appellee by delaying the accrual of Appellant's claim. *Id.* at 124. Therefore, because Appellant knew or should have known of his injury and the causal connection between his injury and Appellee's conduct as of the date of Appellant's acquittal, this Court finds

8

that Judge Gilmore did not err in holding that Appellant's claim for malicious prosecution accrued on January 12, 1996.

**B.      Tolling of Limitations Period**

Having determined that the accrual date of Appellant's claim was January 12, 1996, we now turn to Appellant's argument that the FTCA limitations period was tolled for two years as of the filing of his Chapter 11 bankruptcy petition on November 26, 1997. Appellant bases his contention on § 108(a) of the Bankruptcy Code which provides:

(a)      If applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action, and such period has not expired before the date of the filing of the petition, the trustee may commence such action only before the later of—

(1)      the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2)      two years after the order for relief.

11 U.S.C. § 108(a) (1993).

Appellant argues that his March 18, 1999, FTCA claim presentment was timely because § 108(a) extends the limitations period to "commence an action" for two years after the order for relief, *i.e.*, November 26, 1997, to November 26, 1999. Alternatively, Appellant argues that tolling is appropriate because the bankruptcy court ordered on September 9, 1999, that "all limitations periods for any other claims under applicable law are tolled and extended until this case is closed or a final decree is entered."

Appellee argues, however, that presentment of an administrative claim does not constitute an "action" within the meaning of § 108(a) and, therefore, Appellant's limitations period is controlled by the sixty-day extension contained in § 108(b). Section 108(b) provides:

(b)      Except as provided in subsection (a) of this section, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period within which the debtor or an individual protected under section 1201 or 1301 of this title may file any pleading, demand, notice, or proof of claim or loss, cure a default, or perform any other similar act, and such period has not expired before the date of the filing of the petition, the trustee may only file, cure, or perform, as the case may be, before the later of–

(1)      the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2)      60 days after the order for relief.

11 U.S.C. § 108(b) (1993). Appellee contends that Appellant's March 1999 administrative claim qualifies as "any pleading, demand, notice or proof of claim or loss, . . . or [] any other similar act" as required by § 108(b). Thus, Appellee argues that under § 108(b) Appellant had until on or about January 26, 1998, sixty days after his Chapter 11 filing, to present his administrative claim.

The resolution of this issue is controlled by this Court's binding precedent set forth in *TLI, Inc. v. United States*, 100 F.3d 424 (5th Cir. 1996). In *TLI*, this Court held that the filing of an administrative claim does not constitute the commencement of an "action" under § 108(a). *Id.* at 427 (citing *In re Carter*, 125 Bankr. 832, 836 (D. Kan. 1991); *In re Howard Indus., Inc.*, 170 Bankr. 358, 361-62 (S.D. Ohio 1994)). The term "commencement of an action" in § 108(a) applies only to "the bringing of suit in court" and not to administrative proceedings that may precede such a suit. *Id.* This Court reasoned that "an action in its usual legal sense means a

10

lawsuit brought in a court; a formal complaint brought within the jurisdiction of a court of law."
*Id.* (quoting BLACK'S LAW DICTIONARY 28 (6th ed. 1990)).  *See also* FED. R. CIV. P. 3 (defining "Commencement of Action" as follows:  "A civil action is commenced by filing a complaint with the court").

Although Appellant's March 1999 administrative "claim" was an essential legal prerequisite to his malicious prosecution action filed in federal court, Appellant's "action" was not commenced until December 30, 1999, when Appellant filed suit in federal court.  At that time, not only had the two-year FTCA claim presentment limitations period expired, *i.e.,* January 12, 1996, to January 12, 1998; but, even if § 108(a) applied as argued by Appellant, the two-year "commencement of the case" limitations period after the order for relief under § 108(a) had also expired, *i.e.,* November 26, 1997, to November 26, 1999.

Appellant suffers a similar fate under application of § 108(b), which allows only a sixty-day extension after the order for relief.  Under § 108(b), Appellant was required to present his FTCA administrative claim sixty days after November 26, 1997, *i.e.*, by January 25, 1998.  Consequently, Appellant's March 18, 1999, presentment of claim was also time-barred.

Similarly inconsequential is Appellant's argument urging us to give effect to the bankruptcy court's September 9, 1999, order tolling "all limitations periods for all other claims under applicable law" until the bankruptcy case was closed or a final decree was entered.  We agree with Appellee that the bankruptcy court had no jurisdiction on September 9, 1999, to order the tolling of a limitations period which had expired approximately twenty months earlier, *i.e.*, January 13, 1998.

11

Limitations periods in statutes waiving sovereign immunity are jurisdictional, and a court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress. *Houston*, 823 F.2d at 898, 902. The FTCA also acts to waive the immunity of the United States; and this Court, in construing the statute of limitations which is a condition of that waiver, "should not take it upon [itself] to extend the waiver beyond that which Congress intended." *Kubrick*, 444 U.S. at 118. We find that the bankruptcy court's order of September 9, 1999, did not resurrect its jurisdiction and that said order is of no force or effect in tolling any limitations periods applicable to this matter.

## IV. CONCLUSION

For the reasons set forth above, the lower court's dismissal of Appellant's action for malicious prosecution and other prosecutorial misconduct as time-barred under the FTCA is **AFFIRMED**.

12