William Jude DESHOTEL, et al.

v.

**WEST BATON ROUGE PARISH
SCHOOL BOARD, et al.**

Civil Action No. 10–81–FJP–CN.

United States District Court,
M.D. Louisiana.

Oct. 28, 2011.

David L. Bateman, Bateman Law Firm, Juleanna Danielle Munro, Baton Rouge, LA, for Plaintiff.

Mark David Boyer, Boyer & Hebert, LLC, Denham Springs, LA, for Defendant.

## RULING

FRANK J. POLOZOLA, District Judge.

This matter is before the Court on the Motion to Dismiss by the defendants.[1] Plaintiffs have filed an opposition to this motion.[2] Oral argument was held on this motion on July 20, 2011. The Court denied the defendants' motion to dismiss for oral reasons assigned and reserved the right to assign additional written reasons in support of its decision. The Court's supplemental reasons follow.

The Court must determine the following issues to address the defendants' motion to dismiss:

(1) Whether the plaintiffs' claims are IDEA-based such that they must administratively exhaust the claims prior to filing their 42 U.S.C. § 1983 and state law claims in federal court, or whether the claims are purely tort and constitutional in nature and not based on the IDEA; and

(2) Even if the plaintiffs' claims are subject to the IDEA exhaustion requirement, does the futility exception apply under the facts of this case.

1. Rec. Doc. No. 8.

2. Rec. Doc. No. 13.

## I. Factual and Procedural Background

T.D. Deshotel was born in 2003 and was diagnosed as a toddler with autism. As such, he is classified as "disabled" under state and federal law. While T.D. attended a pre-K program at Brusly Elementary School, he was placed in an "inclusion class," which meant he was to attend and receive the same classroom instruction which all other students on his grade level received but he would also continue to receive certain special services provided to him. After T.D. attended the first few weeks at this new school, the Deshotels received reports of disciplinary problems with T.D. who allegedly was acting out and being aggressive. The Deshotels also learned the school did not have the staff necessary to provide the special services to T.D. The Deshotels discovered that the teachers and staff at Brusly had been using a "Rifton" chair with straps to physically restrain T.D. They also learned that T.D. was being secluded in a closed area and kept from the classroom as a way of disciplining him. Thereafter, the Deshotels had T.D. evaluated by a psychologist, who determined that T.D. was suffering from post-traumatic stress disorder brought about by use of the Rifton chair.

The Deshotels filed a complaint with the Louisiana Department of Education ("LDE") alleging violations of the Individuals with Disabilities Education Act ("IDEA").[3] Shortly thereafter, the school board filed a Due Process Complaint with the LDE to contest plaintiffs' request for an independent education evaluation. The School Board's complaint was heard in October of 2009, and the LDE ruled in favor of the Deshotels on all counts. The School Board requested reconsideration of this ruling but its request was also denied.

3. 20 U.S.C. § 1400, *et. seq.*

The School Board then filed suit in state court seeking judicial review of these findings. Plaintiffs removed this case to the Middle District of Louisiana and that case is now pending before Chief U.S. District Judge Brian Jackson. The allegations plaintiffs allege in this case (CV 10–81–FJP–CN) are not involved in the case pending before Chief Judge Jackson.

An independent hearing officer also rendered an opinion in November of 2009 finding in favor of the Deshotels on their IDEA claim. The School Board has taken no appeal on this ruling to the Court's knowledge and understanding.

Plaintiffs filed this lawsuit in the Middle District of Louisiana alleging violations of T.D.'s state and federal constitutional rights pursuant to 42 U.S.C. § 1983 [4] and state law,[5] premised on the alleged physical and mental abuse of T.D. The School Board has moved to dismiss this case for failure of the plaintiffs to administratively exhaust these claims under the IDEA. The Court originally granted the defendants' motion to dismiss.[6] After further consideration of its ruling, this Court vacated its previous ruling and set the defendants' motion to dismiss for oral argument.[7] As noted earlier, after hearing oral argument, the Court for oral reasons assigned denied defendants' motion to dismiss.

## II. Parties' Arguments

The School Board contends plaintiffs must exhaust administrative remedies under IDEA before the constitutional and state law tort claims can be brought in this Court. Defendants contend the violations alleged "stem from those rights granted by the IDEA." In actions where claims other than under the IDEA are alleged, "[t]he dispositive question generally is whether the plaintiff has alleged injuries that could be redressed TO ANY DEGREE by the IDEA's administrative procedures and remedies. If so, exhaustion of those remedies is required. If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary."[8]

Plaintiffs contend the claims brought in this action in federal court are based on violations of plaintiffs' state and federal constitutional rights and tort claims and are premised solely upon the alleged physical and mental abuse inflicted upon T.D. by the defendants. Plaintiffs strongly argue that none of the claims asserted in this case pertain to any violation of the IDEA. In fact, plaintiffs contend they specifically and carefully limited the claims in this case to state and federal constitutional and tort claims and in no way made any claims under the IDEA. Plaintiffs also claim that the cases relied on by the defendants to support their argument that plaintiffs need to exhaust remedies before filing this § 1983 claim are factually different from the facts of this case. Specifically, plaintiffs contend their claims in this case are not directly or indirectly based on the IDEA or any plan developed and approved under the IDEA. Plaintiffs do argue that their damage claims in this case, like those of the plaintiffs in *Padilla*,[9] exist separate and distinct from any claims under the IDEA and no exhaustion of remedies un-

---

4. The Court has subject matter jurisdiction of these constitutional claims pursuant to 28 U.S.C. § 1331.

5. The Court has the discretion to hear the state law claims pursuant to 28 U.S.C. § 1367.

6. Rec. Doc. No. 14.

7. Rec. Doc. No. 24.

8. *Padilla v. Sch. Dist. 1*, 233 F.3d 1268, 1274 (10th Cir.2000). As noted earlier, the constitutional and tort claims are not part of the IDEA program. *Padilla* is definitely applicable under the facts of this case.

9. See fn. 8.

der the IDEA is required. The Court agrees that no exhaustion under the IDEA is required for the plaintiffs to assert their federal constitutional claims under 42 U.S.C. § 1983 and their state constitutional and tort claims.[10] The claims before the Court involve the alleged restraint and abuse of T.D., not violations of the IDEA. Plaintiffs further note that separate and apart from the state tort claims and the federal and state constitutional violation claims asserted in this suit, the plaintiffs pursued and won two separate administrative actions against the School Board addressing the violations of T.D.'s rights under the IDEA. Plaintiffs contend and the Court agrees that plaintiffs have not made a claim under the IDEA in this federal lawsuit, either directly or indirectly. The Court finds that the IDEA is totally inapplicable to the causes of action asserted by the plaintiffs in this complaint.

Plaintiffs also argue that the IDEA is a giver and enforcer of specific rights but is not a catch-all procedure for every dispute that might arise between a disabled student and a school.[11] Plaintiffs further contend that their case is not a case with mixed issues where both IDEA and constitutional claims and state tort claims are combined. The issues in this case are PURELY tort and federal and state constitutional violations. Plaintiffs argue they have made a clean distinction between their IDEA and non-IDEA claims arising out of the alleged acts, and have not presented a mixed claim of IDEA/non–IDEA claims as some other plaintiffs have done in other cases, including some of the cases the defendants rely on to support their motion to dismiss.

Plaintiffs contend that the provision in the IDEA requiring exhaustion where "re-

lief is also available under the IDEA" means that the IDEA must offer some relief suitable to remedy the injury inflicted on the plaintiff. T.D. has already been awarded the remedies he sought in his IDEA request which included reimbursement and compensatory services for the IDEA violations committed by the defendants. Plaintiffs argue and the Court agrees that T.D. is only pursuing recovery for his non-IDEA claims in this lawsuit, namely, his state and federal constitutional claims and state law tort claims.

Plaintiffs argue in the alternative that even if the IDEA was applicable to their claims in this case, the futility exception would apply. The Court agrees. Plaintiffs did not initially argue futility because they believed it was clear that their claims do not arise under the IDEA. The Court agrees that the type of relief sought by the plaintiffs in this suit cannot be remedied by the IDEA.

Plaintiffs also contend that administrative exhaustion is not a subject matter jurisdiction question since neither the Court nor the parties can create subject matter jurisdiction where none exists. Plaintiffs believe the real question is not one of exhaustion but of "ripeness" or "justiciability." Since the plaintiffs allege a federal claim, the Court has subject matter jurisdiction under 28 U.S.C. § 1331. It is not the role of the Court to decide the merits of the case when deciding whether it has subject matter jurisdiction. The Court also has the discretion to hear or dismiss the state law constitutional and state tort law claims under 28 U.S.C. § 1367. The Court has not decided whether to exercise its discretion to hear the state constitutional and tort law claims.

---

**10.** Indeed, the plaintiffs could not recover any damages for violations of their federal and state constitutional claims and state law tort claims under IDEA.

**11.** To restrict disabled children from asserting the very constitutional rights that all other students can assert could cause an equal protection problem under the U.S. Constitution.

## III. Law and Analysis

### A. Motion to Dismiss Pursuant to Rule 12(b)(1)

Defendants seek dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure, or alternatively, dismissal of the unexhausted claims and a stay until full exhaustion is completed.

■■■ Pursuant to Rule 12(b)(1), the Court "has the power to dismiss for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." [12] The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction.[13] It is clear that the plaintiffs have asserted a federal claim under 42 U.S.C. § 1983. Thus, the Court has subject matter jurisdiction under 28 U.S.C. § 1331 on the federal claims and discretional jurisdiction under 28 U.S.C. § 1367 on the state law claims.

### B. Individuals with Disabilities Education Act (IDEA)

Under the Individuals with Disabilities Education Act ("IDEA"), school districts that receive federal funds must provide special education students a free and appropriate public education (FAPE) in the least restrictive environment. The statute provides parents of children covered by the Act with rights and procedures, including the right to present complaints on any matters related to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to the child.[14]

■■■ Before filing a civil action seeking relief under the IDEA in state or federal court, a plaintiff must first exhaust the statute's administrative remedies.[15] The plaintiff must also exhaust the IDEA administrative remedies before filing claims under other laws, such as § 504 of the Rehabilitation Act, the Americans with Disabilities Act ("ADA"),[16] and 42 U.S.C. § 1983, when seeking relief that is also available under the IDEA. Section 1415(*l*) of the IDEA Act makes it clear that a plaintiff is required to exhaust the state's administrative procedures before bringing an action in federal court.[17] A plaintiff may, however, bypass the administrative process where exhaustion would be futile or inadequate. The plaintiff has a the burden of demonstrating the futility or inadequacy of pursuing the administrative remedies required under the IDEA.[18]

### C. No Exhaustion of Remedies Required

■■■ Applying the law and jurisprudence to the facts of this case, the Court finds

---

**12.** *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency,* 556 F.3d 307, 315 (5th Cir.2009).

**13.** *Ramming v. U.S.,* 281 F.3d 158, 161 (5th Cir.2001).

**14.** 20 U.S.C. § 1415(a)(d); *White v. Ascension Parish School Board,* 343 F.3d 373, 378 (5th Cir.2003).

**15.** 20 U.S.C. § 1415(f-*l*).

**16.** 42 U.S.C. § 12101, et seq.

**17.** *Honig v. Doe,* 484 U.S. 305, 327, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988); *Gardner v. School Bd. Caddo Parish,* 958 F.2d 108, 111 (5th Cir.1992). See also, *Pace v. Bogalusa City School Board,* 403 F.3d 272, 289–290 (5th Cir.2005), *cert. denied,* 546 U.S. 933, 126 S.Ct. 416, 163 L.Ed.2d 317 (2005)(explaining IDEA administrative proceedings and nature of district court's review of record generated by proceedings).

**18.** *Id.*

that exhaustion of administrative remedies is not required in this case since plaintiffs' claims do not arise under the IDEA, but are purely federal and state constitutional claims and state tort claims. The record reflects that the plaintiffs have already pursued their educational claims regarding T.D.'s treatment through separate administrative procedures set forth under the IDEA. After two opinions were rendered in plaintiffs' favor under the IDEA, the defendants appealed these decisions. That particular lawsuit is now pending before another section of this court. On the other hand, plaintiffs' lawsuit in CV 10–81–FJP–CN is based solely upon the defendants' alleged violations of the United States and Louisiana constitutions and Louisiana tort law. Any child not covered by the IDEA, who was allegedly treated in the same or a similar manner as T.D. alleges by representatives at his school, would be allowed to assert these claims without having to first exhaust remedies under the IDEA. A student who also happens to have claims under the IDEA should not be deprived of the rights non-IDEA students have.

The Court recognizes that the key question is whether the plaintiffs have alleged injuries that could be redressed to any degree by the IDEA administrative procedures and remedies. If so, exhaustion is clearly required. However, if the injuries and claims cannot be remedied under the IDEA, these claims necessarily fall outside the scope of the IDEA, and exhaustion is not required. Under the facts of this case, the plaintiffs in this case have properly and separately pursued their existing IDEA claims under the IDEA's administrative procedures. It is clear that the constitutional and tort claims which are the subject of this lawsuit cannot be remedied by the IDEA. The remedies allowed under the IDEA only provide pro-spective educational benefits. Plaintiffs' claims in this lawsuit involve claims for damages based on severe psychological, and wholly non-educational, injuries for which they seek monetary relief which is clearly not available to the plaintiffs under the IDEA.

The Court agrees with plaintiffs' assertion that the IDEA addresses specific educational rights of disabled children, and is not meant to be a catch-all for any and every dispute which might arise between an IDEA-covered child and a school and school officials. Therefore, the Court finds that plaintiffs' constitutional and tort claims are properly before this Court. Defendants' motion to dismiss for lack of subject matter jurisdiction must be denied under the law and facts of this case.

## D. Alternatively, Exhaustion of Remedies Would be Futile and Inadequate

The Court now needs to determine in the alternative if exhaustion of remedies is required and whether it would be futile and inadequate under the facts of this case.

The United States Supreme Court has recognized that, although judicial review is not normally available until the administrative proceedings under the IDEA have been exhausted, "parents may bypass the administrative process where exhaustion would be futile or inadequate."[19] The plaintiffs always bear the burden of demonstrating the futility or inadequacy of administrative review.[20]

Plaintiffs have argued in the alternative, and the Court so finds, that if their claims in this lawsuit are so related to the IDEA that exhaustion is required, the futility exception clearly applies under the facts of this case. Because the IDEA provides

---

**19.** *Honig v. Doe,* 484 U.S. 305, 327, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988).

**20.** *Id.,* 108 S.Ct. at 606.

only prospective educational remedies, it would be futile to require plaintiffs to exhaust administrative remedies under the IDEA to seek monetary relief on these constitutional and state tort claims. Exhaustion would also be inadequate as well as futile because the IDEA provides no monetary relief or remedy for federal and state constitutional violations or state tort claims. As noted several times in this opinion, plaintiffs only seek relief for federal and state constitutional violations and state tort laws. Absolutely no claims have been asserted under the IDEA by plaintiffs in this suit.

Furthermore, it is clear in this case that the plaintiffs have not attempted to make an "end-run" around the administrative process under the IDEA. In fact, plaintiffs have properly and separately pursued their IDEA claims through the IDEA administrative procedure and won both of their claims. The record reveals that the School Board has failed to acknowledge any wrongdoing in this matter because of its appeals, as it has the legal right to do, of all of the adverse administrative rulings. The Court finds that plaintiffs have met their burden of establishing that exhaustion of administrative remedies under the IDEA on their federal and state constitutional and tort claims would be futile or inadequate.

As such, the Court finds the defendants' motion to dismiss should be denied for these additional reasons.

### E. Applicable Jurisprudence Supports Court's Ruling

The Court believes it would be in order to discuss in detail the jurisprudence upon which the Court has based its ruling. In so doing, the Court acknowledges that the Court has not been able to find any clear jurisprudence and guidance from the Fifth Circuit which sets forth specific factors to assist the Court in making its decision on whether exhaustion under the IDEA is required under the facts of this case.

In reviewing the cases discussed hereinafter, it must be noted that each case, for the most part, is factually distinguishable from the facts of this case but does provide sufficient guidance for the Court to develop factors which assist the Court in deciding the issues pending in the case before the Court.

In *Pace v. Bogalusa City School Board,* plaintiff claimed violations of the ADA along with IDEA because the school was not properly handicap accessible.[21] Plaintiff lost on IDEA claims, and the court barred his ADA claims by collateral estoppel finding them to be factually indistinguishable from the IDEA claims. Unlike the facts in the case before this Court, there were no separate tort-related constitutional violations, and the claims asserted were clearly IDEA-based. In fact, the Fifth Circuit acknowledged that Pace had both IDEA and non-IDEA claims and handled them separately.[22]

In *Flores v. School Board of DeSoto Parish,* a student filed suit for substantive due process violations, IDEA violations, and state tort claims resulting from a violent beating after arriving late to detention.[23] While the Fifth Circuit affirmed the dismissal of plaintiff's claims, it did treat the tort and tort-related claims separate from the IDEA claims. Also, the *Flores* court found that plaintiff had completely failed to present evidence of futility and took no steps to achieve relief through the IDEA, all of which are factually distinguishable from the case before the Court.

---

**21.** 403 F.3d 272 (5th Cir.2005).

**22.** The question of administrative exhaustion was not an issue in *Pace.*

**23.** 116 Fed.Appx. 504 (5th Cir.2004).

Futility was also an issue in *Gardner v. School Board Caddo Parish*,[24] where the court held that the parents of a handicapped child did not carry their burden of showing the futility or inadequacy of administrative review for a purely IDEA claim. This case is distinguishable from the Deshotel case because the Deshotels not only argue the claims asserted are NOT IDEA claims but have written their complaint in such a fashion to clearly show they are not asserting an IDEA claim. In the alternative, the Deshotels have clearly shown the futility of pursuing the administrative process of the IDEA for these tort and constitutional claims.

In *Miller v. West Feliciana Parish School Board*,[25] which was decided here in the Middle District of Louisiana, the plaintiffs sued for federal and state constitutional violations, violations of the ADA and § 504 of the Rehabilitation Act, and state tort claims. Plaintiffs did NOT seek any relief on behalf of the child under the IDEA. The defendant in that case moved to dismiss for failure to exhaust administrative remedies which were available under the IDEA. While the Court granted this motion with respect to the claims made under the Rehabilitation Act and the ADA because such relief was available under the IDEA, the court also acknowledged the existence and justiciability of the plaintiffs' non-IDEA claims presented mixed with IDEA claims. Just as in *Miller*, the Deshotels have only alleged federal and state constitutional and tort claims that the IDEA cannot remedy under the facts of this case.

Perhaps the most analogous case to the case now pending before the Court is *Padilla v. School District No. 1, Denver, Colorado*, decided by the Tenth Circuit.[26] In *Padilla*, the court held that "[t]he dispositive question generally is whether the plaintiff has alleged injuries that could be redressed to any degree by the IDEA administrative procedures and remedies. If so, exhaustion is required. If not, the claim necessarily falls outside the IDEA's scope, and exhaustion is unnecessary."[27] Further, the court stated: "Under these narrow circumstances, we fail to see how the IDEA's administrative remedies, oriented as they are to providing prospective educational benefits, could possibly begin to assuage Plaintiff's severe physical, and completely non-educational, injuries."[28]

This language in *Padilla* is directly applicable to the case before the Court. It is clear that the IDEA cannot remedy the alleged physical and emotional damage done to T.D. The injuries alleged by the Deshotels which must be decided by this Court are completely non-educational in nature and are clearly constitutional and tort based.

In *Bynum v. West Baton Rouge Parish School System*, another case filed in the Middle District of Louisiana, plaintiffs sued the same School Board named as a defendant in this case alleging violations of the IDEA, Section 504 of the Rehabilitation Act, the 5th and 14th Amendments to the United States Constitution, 42 U.S.C. § 1983, and state tort law.[29] The plaintiffs requested damages and other relief, including punitive damages, attorney's fees and litigation expenses.[30] The defendants

**24.** 958 F.2d 108 (5th Cir.1992).

**25.** 2008 WL 4291168 (M.D.La. Aug. 11, 2008).

**26.** 233 F.3d 1268 (10th Cir.2000).

**27.** *Id.* at 1274.

**28.** *Id.*

**29.** *Id.* at 1272–73.

**30.** 2010 WL 3523055 (M.D.La. Aug. 31, 2010).

sought dismissal under Rule 12(b)(1) for failure to exhaust administrative remedies as required by the IDEA.

With respect to the claims brought under the IDEA, the Middle District court found that plaintiffs had, in fact, exhausted the administrative remedies available to them. Thus, any arguments as to futility were moot.[31] On plaintiffs' Section 1983 claims, the court noted that defendants in *Bynum* made the same argument as being made by the same defendants in the case currently before the Court:

> Defendants argue that plaintiffs are attempting to "side-step" the administrative exhaustion requirements of the [IDEA] by asserting, under Section 1983, claims that properly fall under the [IDEA]. In so doing, defendants do not seriously contest whether administrative remedies were exhausted as to the claims asserted under the [IDEA], but argue that the court lacks jurisdiction over the Section 1983 claims, because they were not brought by the plaintiffs, and addressed in the administrative review process.[32]

The Court noted that "plaintiffs' Section 1983 claims are grounded in an allegation that D.B. was denied federal rights under the United States Constitution because of his race."[33] The court further stated that **"the remedies provided under Section 1983 are different than those provided by the Individuals with Disabilities Education Improvement Act."**[34]

The *Bynum* court further discussed the requirements to state a cause of action under Section 1983: " '[A] plaintiff must (1) allege a violation of rights secured by the constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.' "[35] Considering that plaintiffs' claims were based on race, the court held as follows:

> However, the Court does not consider plaintiffs' Section 1983 claims a "guise," and finds that plaintiffs' Section 1983 claims fall outside the scope of the [IDEA]. The Court is satisfied that plaintiffs properly alleged a cause of action under Section 1983, and thus plaintiffs need not exhaust the Section 1983 claim in accordance with the [IDEA].[36]

While the Court recognizes that race is not an issue in the Deshotels' claims against the defendants, the reasoning of the *Bynum* decision is directly applicable to the facts of this case. As the *Bynum* court clearly stated, "the remedies provided under Section 1983 are different than those provided by the [IDEA]." The Deshotels have separately pursued their IDEA claims through the proper administrative channels, and now come into Court with claims that the defendants have violated their federal and state constitutional rights and state tort claims. These claims clearly fall outside the scope of the IDEA, and plaintiffs were not required to exhaust these claims under the IDEA.

Defendants cite *Charlie F. v. Board of Education of Skokie School District 68* in support of their contentions.[37] In *Charlie F.*, the court held that the IDEA procedures provide adequate relief for psychological damage caused by a teacher's education strategy. Plaintiffs had sought money damages for humiliation and psy-

---

31. *Id.* at *3.

32. *Id.*

33. *Id.* at *4.

34. *Id.* (emphasis added).

35. *Id.,* quoting *Doe v. Dallas Independent School District,* 153 F.3d 211, 215 (5th Cir. 1998).

36. *Id.*

37. 98 F.3d 989 (7th Cir.1996).

chological damage for his public shaming. Though the court held money damages were unavailable under the IDEA, it also held that adequate relief existed under the Act in the form of counseling.

The Court notes that the *Charlie F.* decision rendered by the Seventh Circuit is not binding upon this Court. In addition, the Court finds the rationale in *Charlie F.* to be flawed because the idea that psychological injuries can only be repaired by future counseling does not take into account the fact that the suffering experienced by the plaintiffs while struggling with the psychological damages could also be a constitutional and a state law tort violation which would entitle the plaintiffs to recover monetary damages which are not available under the IDEA. In considering the *Padilla* decision by the Tenth Circuit and the *Charlie F.* decision by the Seventh Circuit, the Court believes that the *Padilla* court sets forth the correct factors which must be used by the Court in deciding whether exhaustion is required under the facts of this case.

## IV. Conclusion

For the reasons set forth above, and for the oral reasons set forth during oral argument held on July 20, 2011, the Court denies defendants' motion to dismiss.[38]

IT IS SO ORDERED.

---

**38.** The Court has considered all of the arguments of the parties whether or not specifical-ly addressed in this opinion.