# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-31239
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2015

Lyle W. Cayce
Clerk

CHARLES H. BRADFORD,

> Plaintiff–Appellant,

versus

UNITED STATES DEPARTMENT OF AGRICULTURE,
RURAL DEVELOPMENT (USDA), Formerly Known as
Farmers Home Administration;
ROBERT THOMAS KNIGHT;
MIKE TUBBS, Civil Division, Morehouse Parish Sheriff's Office;
STEPHEN KATZ;
BUDDY CALDWELL, Attorney General, State of Louisiana;
ROBERT KNIGHT ATTORNEY AT LAW, L.L.C.;
UNOPEN SUCCESSION OF AZZETT J. MATTHEW
AND EVELYN M. BRADFORD;
UNITED STATES DEPARTMENT OF AGRICULTURE,

> Defendants–Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:14-CV-496

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

Charles Bradford appeals a dismissal for want of subject-matter

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-31239

jurisdiction under Federal Rule of Civil Procedure 12(b)(1). Proceeding *pro se*, he sued a number of state and federal parties, alleging generally that he retains an interest in property on which the United States earlier foreclosed in state court. In the district court and on appeal, Bradford cites jurisdictional statutes that he claims entitle him to seek relief in federal court, but none is applicable.[1]

Bradford first relies on 28 U.S.C. § 1347, which grants jurisdiction over cases in which a tenant in common with the United States seeks partition. This is not a partition suit, and Bradford does not assert that he is a tenant in common with the government, so this cannot be a basis for jurisdiction. He also cites 28 U.S.C. § 2410, which grants federal jurisdiction in cases involving land on which the United States has a lien or mortgage. But as the magistrate judge observed, the foreclosure proceedings were final before this suit, so the United States no longer holds any lien or mortgage on the land at issue. Consequently, § 2410 is no basis for jurisdiction.[2]

Because Bradford has not shown that the district court had subject-matter jurisdiction,[3] the judgment of dismissal is AFFIRMED.

---

[1] *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012) ("We review a district court's dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo.").

[2] Bradford also cites 16 U.S.C. § 282c as a jurisdictional source. That statute authorizes appropriations for the federal government to purchase park land in Washington and is not a jurisdictional grant. The court cannot discern any other jurisdictional statute that Bradford might have intended with this citation.

[3] *Ramming v. United States*, 281 F.3d 158, 161 (2001).