DAVID HITTNER, United States District Judge *860 Pending before the Court is Respondent's Motion to Dismiss and Incorporated Memorandum of Law. Having considered the motion, submissions, evidence, and applicable law, the Court determines the motion should be granted.
I. BACKGROUND
This case involves the wrongful retention of a child and is brought pursuant to the Hague Convention (the "Convention") and the International Child Abduction Remedies Act ("ICARA"). Petitioner Noemy Elizabeth Membreño Peralta ("Petitioner") is the mother of a ten-year-old child, GM. GM's father, Eli Escobar Garay ("Garay"), is not a party to this dispute.[1] The Parents reside in El Salvador. Respondent Guadelupe del Carmen Escobar Garay ("Respondent") is GM's paternal aunt. Respondent resides in the United States.
GM was born in El Salvador on January 14, 2007, and lived with Petitioner in El Salvador until 2016. In early 2016, the Parents agreed to leave El Salvador and travel to the United States with GM and Son. The Parents intended for Garay and GM to travel separately from Petitioner and Son. On approximately March 14, 2016, Garay and GM left El Salvador and traveled to the United States. Approximately one month later, Petitioner and Son left El Salvador, intending to travel to the United States. On approximately March 25, 2016, after Garay and GM entered the United States, United States immigration officials detained Garay and GM for traveling illegally. While Garay and GM were being detained in the United States, Petitioner and Son were stopped in Mexico (in route to the United States) and deported to El Salvador. Petitioner alleges that, because of Garay and GM's detention, Petitioner gave Respondent-who was residing in the United States-temporary authorization to retain GM so that United States immigration officials would release GM to Respondent. Following GM's release to Respondent, Garay was deported to El Salvador. GM has since resided with Respondent in the United States.
On April 26, 2016, Petitioner filed a lawsuit in this Court, contending Respondent is wrongfully retaining GM in the United States and asking the Court to order the return of GM to El Salvador.[2] On May 25, 2017, Respondent moved to dismiss Petitioner's lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(1). On January 8, 2018, the Court held an evidentiary hearing on Respondent's Rule 12(b)(1) motion to dismiss, at which time testimony was heard from the Parents, Respondent, and two other witnesses.[3] Respondent's Rule 12(b)(1) motion is currently pending.
*861 II. STANDARD OF REVIEW
Federal Rule of Civil Procedure 12(b)(1) requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. FED. R. CIV. P. 12(b)(1). A motion for lack of subject matter jurisdiction under Rule 12(b)(1) must be considered before any motion on the merits because subject matter jurisdiction is required to determine the validity of any claim. Moran v. Kingdom of Saudi Arabia , 27 F.3d 169, 172 (5th Cir. 1994). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." Id. Unlike a court considering a Rule 12(b)(6) or Rule 56 motion, district courts have a "unique power ... to make factual findings which are decisive of [subject matter] jurisdiction" when considering a motion under Rule 12(b)(1) that raises questions of fact relevant to subject matter jurisdiction. Williamson v. Tucker, 645 F.2d 404, 412-13 (5th Cir. 1981).
III. LAW & ANALYSIS
Respondent moves to dismiss Petitioner's lawsuit pursuant to Rule 12(b)(1), contending the Court lacks subject matter jurisdiction over Petitioner's wrongful retention claim.[4]
The Convention on the Civil Aspects of International Child Abduction governs civil proceedings filed in signatory countries for the recovery of abducted children. The United States and El Salvador are signatories to the Convention. ICARA, 22 U.S.C. § 9003 et seq., establishes the procedures for the implementation of the Convention. The Convention and ICARA empower courts to order the return of children wrongfully removed or retained from their country of habitual residence, not to determine the merits of an underlying custody dispute. 22 U.S.C. § 9001(b) ; England v. England, 234 F.3d 268, 271 (5th Cir. 2000). The Convention requires that a court order the return of a wrongfully removed or retained child. To qualify for relief under the Convention, a petitioner seeking return of a child must establish by a preponderance of the evidence that the child was wrongfully removed or retained within the meaning of the Convention. 42 U.S.C. § 11603(e)(1). Thus, federal subject matter jurisdiction is invoked only if a removal or retention is "wrongful." See Nicolson v. Pappalardo, 674 F.Supp.2d 295, 298 (D. Me. 2009), aff'd , 605 F.3d 100 (1st Cir. 2010) ; see also Toren v. Toren , 191 F.3d 23, 30 (1st Cir. 1999).
Respondent contends the Court lacks subject matter jurisdiction because Respondent's retention of GM in the United States is not wrongful. A retention is wrongful if (1) the respondent retained the child somewhere other than the child's habitual residence; (2) the retention violated the petitioner's rights of custody under the habitual-residence nation's laws; and (3) "at the time of ... retention those rights were actually exercised, either jointly or alone, or would have been so exercised but *862 for the ... retention." Larbie v. Larbie, 690 F.3d 295, 307 (5th Cir. 2012). Respondent's motion to dismiss focuses only on the first element, contending that, at the time of Respondent's retention of GM in the United States, the Parents had abandoned El Salvador as the country of GM's habitual residence and intended to permanently relocate GM to the United States. Petitioner contends El Salvador has always been GM's country of habitual residence. The parties therefore agree that the disposition of Respondent's motion to dismiss requires the Court to determine GM's habitual residence at the time GM was retained in the United States. Because the factual findings regarding GM's habitual residence are intertwined with the elements of Petitioner's claim, the Court will not dismiss the case for lack of subject matter jurisdiction unless Petitioner's contentions regarding GM's habitual residence are obviously without merit or foreclosed by prior decisions. See In re Carter , 618 F.2d 1093, 1103 (5th Cir. 1980).
Although the term "habitual residence" is not defined by the Convention, the Fifth Circuit has "adopted an approach that begins with the parents' shared intent or settled purpose regarding their child's residence." Larbie, 690 F.3d at 310 (quoting Nicolson v. Pappalardo, 605 F.3d 100, 104 n.2 (1st Cir. 2010) ). "This approach does not ignore the child's experience, but rather gives greater weight to the parents' subjective intentions relative to the child's age." Id. "The threshold test is whether both parents intended for the child to abandon the habitual residence left behind." Id. (quoting Mozes v. Mozes, 239 F.3d 1067, 1080-81 (9th Cir. 2001) ).
The Parents testified that, in early 2016, they intended to leave El Salvador and take GM and Son to the United States. The family traveled separately: Garay and GM traveled together and Petitioner and Son traveled together. Garay testified that the Parents intended to relocate the family to the United States because the Parents thought there would be more opportunities for their children in the United States. Petitioner denied intending to permanently relocate but testified that the Parents intended for the family to remain in the United States indefinitely and planned on finding jobs and a residence in the United States. Despite Petitioner's denial of the intention to permanently relocate, Petitioner's admission that the Parents intended the family to remain in the United States indefinitely strongly indicates the Parents had a shared intent to abandon El Salvador as GM's habitual residence and relocate GM to the United States. See Mozes, 239 F.3d at 1077 (recognizing a court can find mutual abandonment based on the settled mutual intent to stay in a separate country indefinitely).
Garay also testified that he intended to seek asylum in the United States. Petitioner was not clear as to whether the family intended to seek asylum. The Parents testified to bringing their passports, personal identification, and other documents with them as they traveled from El Salvador to the United States. Petitioner testified that she and Garay each quit their respective jobs in anticipation of leaving El Salvador. This testimony also indicates a shared intent to abandon El Salvador as GM's habitual residence and relocate GM to the United States. See Delgado v. Osuna, 837 F.3d 571, 579 (5th Cir. 2016) ; see also Berezowsky v. Ojeda , 765 F.3d 456, 474 (5th Cir. 2014). The Court finds the evidence conclusively establishes the Parents' shared intent to abandon El Salvador and permanently relocate GM to the United States.
*863 Petitioner alleges that, regardless of the Parents' previous intentions, after the Parents were deported to El Salvador, their shared intention shifted to reestablishing GM's permanent residence in El Salvador. However, by that time, GM had already been relocated to the United States and retained by Respondent. See Friedrich v. Friedrich , 983 F.2d 1396, 1402 (6th Cir. 1993) (finding there must be a change in geography to establish a new habitual residence). Thus, at the time Respondent retained GM, El Salvador had been abandoned as GM's country of habitual residence. Petitioner has therefore failed to meet her burden of showing that GM's retention is wrongful. Accordingly, the Court lacks subject matter jurisdiction over Petitioner's lawsuit, and Respondent's motion to dismiss is granted.
IV. CONCLUSION
Based on the foregoing, the Court hereby
ORDERS that Respondent's Motion to Dismiss and Incorporated Memorandum of Law is GRANTED. All of the claims asserted in this lawsuit by Petitioner Noemy Elizabeth Membreno Peralta are hereby DISMISSED.
The Court will issue a separate Final Judgment.

Petitioner and Garay (collectively, the "Parents") are also the parents of a five-year-old child ("Son") who resides in El Salvador and is not involved in this dispute.

The petition also states GM was wrongfully removed from El Salvador. However, on December 18, 2017, in open court, Petitioner stated she is only pursuing a wrongful retention claim. Accordingly, the Court only addresses Petitioner's claim that GM is being wrongfully retained in the United States.

On December 18, 2017, in open court. Respondent requested, and Petitioner agreed to, an evidentiary hearing on Respondent's Rule 12(b)(1) motion to dismiss.

Respondent originally also moved to dismiss Petitioner's lawsuit pursuant to Federal Rule of Civil Procedure 12(b)(4) for insufficient process. However, on December 18, 2017, in open court. Respondent orally withdrew her Rule 12(b)(4) motion to dismiss. Accordingly, the Court only addresses Respondent's Rule 12(b)(1) motion to dismiss.