# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 12, 2013

No. 13-10086
Summary Calendar

Lyle W. Cayce
Clerk

BEVERLY J. BEARD,

Plaintiff-Appellant

v.

BUREAU OF PRISONS; UNITED STATES OF AMERICA,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:12-CV-652

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Beverly J. Beard, proceeding *pro se* and *in forma pauperis*, filed suit against the Bureau of Prisons ("BOP"), three BOP staff members, and Sick-Call clinic, asserting that they acted negligently in assigning her to a top bunk despite her pre-existing knee injury and in giving her unsatisfactory medical care after she re-injured her knee. The district court interpreted Beard's claims

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 13-10086

as Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346, claims, substituted the United States of America as the proper defendant, and dismissed with prejudice the claims as time-barred pursuant to 28 U.S.C. § 2401(b). We AFFIRM.

## I.

Beard was incarcerated at the Federal Medical Center Carswell ("FMC") in Fort Worth, Texas until her release in November 2011. She alleges that in 2009, she was transferred to a new unit and improperly assigned to a top bunk despite her medical condition, a pre-existing knee injury, which made it difficult for her to climb up to the top bunk of the bunk bed. She spoke with the two FMC officials who authorized her transfer, Counselor William Pennagraft and Rhonda Hunter, the Assistant Medical Administrator to Hospital Services, to complain about the transfer. Hunter informed Beard that Beard would need to get a lower bunk pass. Beard was not able to visit sick-call on that day, a Friday, and therefore was not able to procure a pass. Three days later, Beard fell while attempting to get down from the bunk and injured or reinjured her knee. That day, she visited sick-call. She was relieved from her work assignment for eleven days, given a lower bunk pass, given medication, and instructed to apply ice and do exercises to help her knee.

After her injury, Beard filed an administrative tort claim with the BOP. BOP denied her claim in a letter to Beard, mailed March 14, 2012. Beard subsequently filed a *pro se* and *in forma pauperis* complaint in federal district court on September 17, 2012. The district court construed the complaint as an FTCA claim and substituted the United States government as the proper defendant. The district court then *sua sponte* dismissed the claim as time-barred because it was filed three days after the six-month statute of limitation

No. 13-10086

ran on September 14, 2012, pursuant to 28 U.S.C. § 2401(b). Beard now appeals.

## II.

### A.

A court may dismiss *sua sponte* an *in forma pauperis* suit if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). We review *de novo* a district court's dismissal of a complaint pursuant to § 1915(e)(2)(B). *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009).

### B.

The FTCA is a limited waiver of sovereign immunity that grants federal district courts "jurisdiction of civil actions on claims against the United States, for money damages . . . for injury . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The claim must be "presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b). "The FTCA's statute of limitations is jurisdictional, and a claimant is required to meet both filing deadlines." *In re FEMA Trailer Formaldehyde Products Liability Litigation*, 646 F.3d 185, 189 (5th Cir. 2011) (internal citation omitted); *see also Ramming v. United States*, 281 F.3d 158, 162 (5th Cir. 2001).

No. 13-10086

The BOP denied Beard's claim in a letter sent by certified mail on March 14, 2012. Beard filed her complaint in the federal district court on September 17, 2012, three days after the six-month statute of limitations ran. In her appeal, Beard does not dispute the date that the BOP mailed its denial letter or dispute the date that she filed her claim. "Limitations periods in statutes waiving sovereign immunity are jurisdictional, and a court exercising its equitable authority may not expand its jurisdiction beyond the limits established by Congress." *Ramming*, 281 F.3d at 165. Although Beard filed only three days late, the plain language of the statute requires dismissal of her FTCA claims.

The judgment of the district court is AFFIRMED.