HOME HEALTH CARE PLUS,
INC., Plaintiff,

v.

Sylvia Mathews BURWELL, Secretary,
United States Department of Health
and Human Services, and Palmetto
GBA, L.L.C., Defendants.

No. 3:14–CV–3815–P.

United States District Court,
N.D. Texas,
Dallas Division.

Signed Dec. 16, 2014.

Mark S. Kennedy, Joanna H. Martin, Lurese A. Terrell, Kennedy Attorneys & Counselors at Law, Dallas, TX, for Plaintiff.

D. Ronald Reneker, Jason A. Copling, Munsch Hardt Kopf & Harr PC, Brian Walters Stoltz, Dallas, TX, for Defendants.

## ORDER

JORGE A. SOLIS, District Judge.

Now before the Court is Plaintiff Home Health Care Plus Inc.'s ("Plaintiff") Motion for *Ex Parte* Temporary Restraining Order ("TRO"), filed on November 24, 2014. Doc. 9. The Court determined that issuance of an *ex parte* TRO was not warranted and expedited the briefing to determine whether a preliminary injunction is appropriate in this case. Doc. 10. Defendants filed a Response on December 3, 2014. Doc. 11. Plaintiff filed a Reply on December 8, 2014. Doc. 15. After reviewing the briefing, the evidence, and the applicable law, the Court determines that it lacks jurisdiction over Plaintiff's claim. Accordingly, injunctive relief is DENIED and the case is DISMISSED.

## I. Background

Plaintiff, a home health services provider, asks the Court to compel Defendant Secretary of the United States Department of Health and Human Services ("HHS") Sylvia Mathews to reinstate Plaintiff's Medicare billing privileges. Doc. 9 at 1. After an on-site visit, Plaintiff's Medicare privileges were revoked because Plaintiff was nonoperational at the address in the Government's records. Doc. 11 at 8. Palmetto GBA ("Palmetto"), a Medicare administrative contractor, sent Plaintiff a revocation letter. Doc. 11 at 8. The letter, in accordance with 42 C.F.R. §§ 498.22(a), informed Plaintiff of the administrative appeal process available to challenge the revocation of Medicare billing privileges. *Id.* Plaintiff contends that the on-site visit was conducted at Plaintiff's former address, and that Plaintiff was operational at its current address. Doc. 9 at 2. Plaintiff claims that the 90 days to over a year appeal process available under 42 C.F.R. § 424.545 is futile because an analogous case received an unfavorable decision when the fact finder concluded that the provider's nonoperational determination is made at the address documented in the government's records. Doc. 9 at 4. Defendants contend that Plaintiff has not exhausted the available administrative appeal process; therefore, this Court is barred from adjudicating Plaintiff's claim. Doc. 11 at 8.

## II. Analysis

"Federal courts lack the power to adjudicate claims absent jurisdiction conferred by statute." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir.1998). As the party asserting jurisdiction, Plaintiff has the burden of proving that this Court has jurisdiction over Plaintiff's claim. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001). In its briefing, Plaintiff claims that this Court has mandamus jurisdiction over the case, or alternatively, that jurisdiction can be established under the "no review at all" exception to the Medicare administrative exhaustion requirement. Doc. 9 at 6.

### a. Mandamus Jurisdiction.

28 U.S.C. § 1361 provides that district courts "shall have original jurisdiction

of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* Mandamus jurisdiction may only be invoked when: (1) the plaintiff has a clear right to the relief; (2) the defendant has a clear, nondiscretionary duty to perform; and (3) no other adequate remedy is available. *Citadel Healthcare Servs. v. Sebelius,* No. 3:10–CV–1077–BH, 2010 WL 5101389, at *5–6 (N.D.Tex. Dec. 8, 2010). Moreover, the Supreme Court has recognized that mandamus is intended for cases where the plaintiff has exhausted all other avenues for relief. *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed.2d 622 (1984).

Plaintiff cites to *Wolcott v. Sebelius,* 635 F.3d 757, 765 (5th Cir.2011) to argue that mandamus jurisdiction under 28 U.S.C. § 1361 is proper because this case involves an otherwise unreviewable procedural issue. Doc. 9 at 6. Defendant contends that Plaintiff's reliance on *Wolcott* is misplaced because: (1) the plaintiff in *Wolcott* exhausted its administrative remedies; (2) unlike *Wolcott,* which involved Medicare administrative/procedural issues, the present case involves the merits of a benefit determination; and (3) *Wolcott* specifically recognized that the mandamus statute does not provide jurisdiction in claims for declaratory or injunctive relief. Doc. 11 at 16–17.

■ The Court does not find that Plaintiff has made a sufficient showing to establish that its claim is unreviewable. Rather than following the congressionally mandated administrative appeal process explained in the revocation letter, Plaintiff chose to file the present lawsuit in federal court. Plaintiff argues that because one analogous case obtained an unfavorable decision during the early stages of the appeals process, Plaintiff's effort to resolve their claim through the same process is futile.

Doc. 9 at 4. The Court is unpersuaded. Failing to exhaust the appeals process because an unfavorable decision is likely at the early stages of the process does not amount to showing that the issue is unreviewable, especially when a decision in the early stages can be appealed to an Administrative Law Judge. *See* Doc. 9–2 at 118. The Court concludes that it lacks jurisdiction under 28 U.S.C. § 1361 because the Plaintiff's claim can be reviewed through the federally mandated appeal process, and Plaintiff has yet to begin the process.

### b. The "No Review at All" Exception.

Before a plaintiff can obtain judicial review on a Medicare claim, she must first obtain a final decision from Defendant Secretary of HHS. *See* 42 U.S.C. § 405(g); 42 U.S.C. §§ 1395ii and 1395ff(b). However, the Supreme Court recognized an exception to the 42 U.S.C. § 405(g) "final decision requirement" in *Shalala v. Ill. Council on Long Term Care, Inc.,* 529 U.S. 1, 120 S.Ct. 1084, 146 L.Ed.2d 1 (2000), and in *Bowen v. Mich. Academy of Family Physicians,* 476 U.S. 667, 106 S.Ct. 2133, 90 L.Ed.2d 623 (1986). The exception applies when exhausting a claim through the agency would essentially result in "no review at all." *Id.* In *Physician Hosps. of America v. Sebelius,* 691 F.3d 649, 655 (5th Cir.2012), the court stated that the "final decision requirement" can be bypassed via the *Illinois Council* exception when: (1) the plaintiff has no other way to have her claim reviewed; (2) there is complete preclusion; or (3) there is a serious practical roadblock to having the claim reviewed in any capacity.

Plaintiff argues that the available administrative appeal process is unwinnable because the Medicare privileges revocation, combined with the protracted appeal process, will force Plaintiff's closure and ren-

der it unable to exhaust the process.[1] Doc. 4 at 12; 15 at 9. Defendants contend that the *Illinois Council* exception does not apply because Plaintiff has a way to have its claim reviewed through the administrative appeal process, and therefore, Plaintiff cannot show that its claim cannot be reviewed in any capacity. Doc. 11 at 21. Moreover, Defendant asserts that the possibility of individual hardship, delay, cost, or inconvenience, including termination from the Medicare program, do not preclude, or pose a serious roadblock as to justify an exemption from the "final decision requirement." *See Ill. Council,* 529 U.S. at 13, 21–23, 120 S.Ct. 1084; *Physician Hosps.,* 691 F.3d at 657–59.

■ The *Illinois Council* exception does not give this Court jurisdiction under the present set of facts. First, there is a review process available to Plaintiff. *See supra* Part I. The fact that Plaintiff has chosen not to engage in the appeal process because it expects an unfavorable decision in the early stages does not render the process unwinnable or unavailable. Moreover, there is no evidence that the case Plaintiff references to support its unwinnable appeal argument has unsuccessfully gone through entire appeal process. Doc. 9 at 4; 9–2 at 117–18.

Second, the Court finds that the hardship and inconvenience that Plaintiff may experience as a result of exhausting the appeal process is insufficient to establish jurisdiction under the *Illinois Council* exception. *See Ill. Council,* 529 U.S. at 13, 21–23, 120 S.Ct. 1084; *Physician Hosps.,* 691 F.3d at 657–59. Although hardship found in many cases as a result of an exhaustion requirement can be evidence of preclusion, hardship found in an isolated, particular case is insufficient to warrant jurisdiction under the *Illinois Council* exception. *See Ill. Council,* 529 U.S. at 22–23, 120 S.Ct. 1084; *Physician Hosps.,* 691 F.3d at 657. Here, Plaintiff has only referenced two cases where a provider has possibly sustained hardship or inconvenience as a result of the Medicare exhaustion requirement. Doc. 9 at 2; 9–2 at 117–18. This is far from showing the widespread impact required by the Supreme Court. *See Physician Hosps.,* 691 F.3d at 657 (citations omitted). The Court concludes that it lacks jurisdiction under "no review at all" exception because the Plaintiff has an administrative appeal process available, and because Plaintiffs allegations of hardship are not sufficient to bypass the "final decision requirement."

### c. The Clandestine Policy Exception.

■ Plaintiff also asserts that it is exempted from the Medicare exhaustion requirement because Defendant acted under a clandestine policy by terminating Plaintiffs Medicare privileges when it is undisputed that Plaintiff was operational. Doc. 1 at 6–7. In support of its clandestine policy argument, Plaintiff cites to *Bowen v. City of New York,* 476 U.S. 467, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986). Doc. 15 at 9. However, the policy at issue in *Bowen* was being enforced through secretive conduct uncovered during the course of litigation. *Id.* at 480, 106 S.Ct. 2022. Conversely, the relevant regulations at issue in this case are published in the Code of Federal Regulations. *See* 42 C.F.R. §§ 424.535(a), 424.545. Accordingly, the Court finds that the clandestine policy exception is inappli-

---

**1.** Plaintiff relies on *United States ex rel. Rahman v. Oncology Assocs., P.C.,* 198 F.3d 502 (4th Cir.1999) to argue that the exhaustion requirement should be excused under the present circumstances. However, in that case, the defendants had started the adminis-trative process and were suing to compel the resumption of the process. *Id.* at 515. Here, there is no evidence that Plaintiff has formally started the process to challenge the termination of its Medicare privileges.

cable to the present controversy. *See Trulife Healthcare, Inc. v. Burwell*, No. 3:14–CV–875–D, 2014 WL 4988347, at *4 (N.D.Tex. Oct. 6, 2014) (rejecting the clandestine policy exception in a Medicare enrollment challenge because the administrative review process was published in the United States Code and in the Code of Federal Regulations).

## III. Conclusion

For the foregoing reasons, injunctive relief is DENIED. Further, the case is DISMISSED for lack of subject-matter jurisdiction.[2]

**IT IS SO ORDERED.**

**2.** Plaintiff asserts supplemental jurisdiction over Palmetto. Because the Court lacks original jurisdiction over the case, the Court cannot exert supplemental jurisdiction over Palmetto. *See French Gourmet, Inc. v. FFE Transp. Servs.*, No. H–10–3503, 2011 WL 1230212, at *3 (S.D.Tex. Mar. 30, 2011).