BUC-EE'S, LTD., Plaintiff,

v.

BUCKS, INC.; BSD Bright Site Development, LLC; Nathan Richardson; and Tildon Sun Development, LLC, Defendants.

Civil Action No. H–17–818

United States District Court, S.D. Texas, Houston Division.

Signed 08/02/2017

Janice V. Mitrius, Joseph J. Berghammer, Katherine L. Fink, Banner Witcoff Ltd., Chicago, IL, Jeffery Frank Nadalo, Harry Tracy Richardson, III, Buc-ee's Ltd., Lake Jackson, TX, for Plaintiff.

Charles Davis Bradford, Dobrowski, Larkin & Johnson L.L.P., Neal Durant Cannon, Jr., Attorney at Law, James Edward Leavens, Soape Assoc. PC, Houston, TX, John P. Passarelli, Patrick C. Stephenson, Kutak Rock, LLP, Omaha, NE, for Defendants.

## ORDER

DAVID HITTNER, United States District Judge

Pending before the Court is Defendants Bucks, Inc., BSD Bright Site Development LLC, and Nathan Richardson's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6), and, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Document No. 22). Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part and denied in part.

## I. BACKGROUND

This is a trademark infringement case. Plaintiff Buc-ee's, LTD. ("Buc-ee's") owns and operates thirty-two convenience stores throughout Texas. Buc-ee's owns the registered "BUC–EE'S" trademark. Defendant Bucks, Inc. ("Buck's") also owns and operates convenience stores. Buck's owns the registered "BUCKY'S" trademark. Defendant BSD Bright Site Development ("BSD") allegedly works with Buck's to find property for Buck's to commercially develop.[1] Defendant Nathan Richardson ("Richardson") is a Buck's employee. Defendant Tildon Sun Development, LLC ("Tildon") is a Texas real estate holding company. Buc-ee's alleges Defendants Buck's, BSD, Richardson, and Tildon (collectively, the "Defendants") jointly seek to operate convenience stores and gas stations in Texas using the BUCKY'S mark and that such activity infringes on the BUC–EE'S mark. The Defendants allege a prior settlement agreement resulting from previous trademark litigation between Buc-ee's and Buck's precludes Buc-ee's from complaining of infringement in this case.

### A. The 2008 Nebraska Litigation

On January 4, 2006, Buck's filed an application to register the BUCKY'S mark with the United States Patent and Trademark Office (the "USPTO"). On April 3, 2006, Buc-ee's filed an application to register the BUC–EE'S mark with the USPTO. On September 15, 2006, the USPTO suspended the BUC–EE'S application pending the final disposition of the previously filed BUCKY'S application. As a result, on June 13, 2007, Buc-ee's filed a notice of opposition against the BUCKY'S application with the Trademark Trial and Appeal Board. In response to Buc-ee's notice of opposition, on December 2, 2008, Buck's filed a complaint against Buc-ee's in the United States District Court for the District of Nebraska for unfair competition, violations of the Nebraska Uniform Deceptive Trade Practices Act, and declaratory relief (the "Nebraska Lawsuit"). On September 16, 2009, Buck's and Buc-ee's entered into a co-existence agreement (the "Agreement"), settling the Nebraska Lawsuit. Subsequently, Buc-ee's obtained registration of the BUC–EE's mark and Buck's of the BUCKY'S mark. The Agreement not only resolved the Nebraska Lawsuit, but also "memorializ[ed] [each par-

---

1. The record is silent as to the employment or contractual relationship between Buck's and BSD.

ty's] rights in and to their respective trademarks."[2]

## B. The Current Litigation

Buc-ee's now alleges the Defendants are collectively purchasing property, seeking zoning approvals, appearing before zoning commissions, and obtaining licenses from the Texas Alcoholic Beverage Commission all in an effort to operate convenience stores and gas stations in Texas using the BUCKY'S mark. Based on these allegations, on March 14, 2017, Buc-ee's filed a complaint in this Court against the Defendants under Texas law and the federal Lanham Act for trademark infringement, trademark dilution, unfair competition, false designation, and unjust enrichment. On May 5, 2017, Buck's, BSD, and Richardson (collectively, the "Bucks Defendants") moved to dismiss Buc-ee's lawsuit pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), or alternatively, to transfer the case to the District of Nebraska pursuant to 28 U.S.C. § 1404.

## II. STANDARD OF REVIEW

### A. Federal Rule of Civil Procedure 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires that a court dismiss a claim if the court does not have subject matter jurisdiction over the dispute. FED. R. CIV. P. 12(b)(1). A motion for lack of subject matter jurisdiction under Rule 12(b)(1) must be considered before any motion on the merits because subject matter jurisdiction is required to determine the validity of any claim. Moran v. Kingdom of Saudi Arabia, 27 F.3d 169, 172 (5th Cir. 1994). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam). "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction." Id. Unlike a court considering a Rule 12(b)(6) or Rule 56 motion, district courts have a "unique power ... to make factual findings which are decisive of [subject matter] jurisdiction" when considering a motion under Rule 12(b)(1) that raises questions of fact relevant to subject matter jurisdiction. Williamson v. Tucker, 645 F.2d 404, 412–13 (5th Cir. 1981).

### B. Federal Rule of Civil Procedure 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' ... it demands more than ... 'labels and conclusions.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "'[A] formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)

---

**2.** Buc-ee's Opposition to Defendants' BSD Bright Site Development LLC, Buck's, Inc., and Nathan Richardson's Motions to Dismiss and Alternative Motion to Transfer Venue, Document No. 30, Exhibit 15 at 2 (Co–Existence and Settlement Agreement) [hereinafter Agreement].

(quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should ... be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558, 127 S.Ct. 1955).

## III. LAW & ANALYSIS

The Bucks Defendants move to (1) dismiss Buc-ee's case pursuant to Rule 12(b)(1); (2) transfer Buc-ee's case pursuant to 28 U.S.C. § 1404(a); or (3) dismiss Buc-ee's case as to BSD and Richardson pursuant to Rule 12(b)(6). The Court addresses each contention in turn.

*A. The Bucks Defendants' 12(b)(1) Motion to Dismiss*

*1. BSD and Richardson*

The Agreement contains a covenant not to sue (the "Covenant") that the Bucks Defendants contend moots Buc-ee's claims. As a threshold issue, the parties do not dispute that BSD and Richardson were not signatories to the Agreement.[3] Nor does any party contend the Agreement applies to BSD and Richardson under any other legal theory. BSD and Richardson cannot therefore rely on the Covenant contained within the Agreement as a ground for dismissal. Accordingly, because the Cove-

nant is the only basis for the Bucks Defendants' Rule 12(b)(1) motion to dismiss, the motion is denied as to Buc-ee's claims against BSD and Richardson.

*2. Buck's*

■ The parties agree Buck's and Buc-ee's were signatories to and bound by the Agreement. The Court therefore addresses whether the Covenant moots Buc-ee's claims against Buck's. Under the Covenant, Buc-ee's and Buck's each agree not to file a lawsuit against the other based on each party's use of their respective marks if such use otherwise complies with the Agreement's terms. Buck's contends its alleged use of the BUCKY'S mark complies with the Agreement. Thus, Buck's contends the Covenant contractually restrains Buc-ee's from filing a lawsuit based on such use, rendering Buc-ee's current lawsuit moot. Buc-ee's contends the applicability of the Covenant is a merits issue rather than one of jurisdiction and should not be decided on a 12(b)(1) motion to dismiss.[4]

■ "Article III of the United States Constitution grants the Judicial Branch authority to adjudicate Cases and Controversies." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90, 133 S.Ct. 721, 184 L.Ed.2d 553 (2013). Absent a case or controversy, a federal court does not have subject matter jurisdiction over a case. *Id.* "A case becomes moot—and therefore no longer a Case or Controversy for purposes of Article III—when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." *Id.* The Fifth Circuit has recognized that an

---

3. *Reply Brief in Support of Defendant Bucks, Inc., BSD Bright Site Development LLC, and Nathan Richardson's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6) and in the Alternative Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a)*, Document No. 34 at 11 ("[BSD] and [Richardson] were not signatories to the ... Agreement.").

4. Buc-ee's also disputes the applicability of the Covenant to the pending lawsuit. However, in light of the Court's holding, the Court need not address the applicability of the Covenant.

infringement claim brought in contravention of a previously agreed upon covenant not to sue does not deprive the court of subject matter jurisdiction. *See Tekelec, Inc. v. Verint Sys., Inc.,* 708 F.3d 658, 665 n.20 (5th Cir. 2013) (collecting cases). Instead, such a covenant provides the defendant with a defense to the infringement claim or an independent claim against the plaintiff for breach of contract. *Id.*

■ In arguing otherwise, Buck's contends that, under *Already, LLC v. Nike, Inc.,* trademark infringement claims are moot where a valid covenant not to sue exists. In *Already,* a trademark infringement defendant brought a declaratory judgment counterclaim, seeking a declaration that the trademark underlying the plaintiff's lawsuit was invalid. *Already,* 568 U.S. at 88–90, 133 S.Ct. 721. After the defendant filed its counterclaim, the plaintiff nonsuited the infringement claim and issued a covenant not to sue. *Id.* at 88–89, 133 S.Ct. 721. The Court applied the voluntary cessation doctrine,[5] finding that because of the covenant not to sue, "the alleged infringer's only legally cognizable injury—the fact that the trademark holder took steps to enforce its trademark—is now gone, and given the breadth of the covenant, cannot be expected to reoccur." *Already,* 568 U.S. at 90, 133 S.Ct. 721.

The voluntary cessation doctrine does not apply here because Buck's does not assert a claim against Buc-ee's. There is therefore no relevant act that Buc-ee's can voluntarily cease. Rather, Buck's relies on the Agreement's covenant not to sue as a defense to Buc-ee's claims (the only claims in this case). Thus, even if Buc-ee's current lawsuit violates the Covenant—an issue the Court does not address—the case is not moot. The Covenant merely provides a potential defense to Buc-ee's claims. There is still an actual controversy between Buc-ee's and Buck's: whether or not Buck's may be held liable for its alleged use of the BUCKY'S mark. Accordingly, the Bucks Defendants' Rule 12(b)(1) motion to dismiss is denied as to Buc-ee's claims against Buck's.

**B. The Bucks Defendants' Section 1404(a) Motion to Transfer**

Having found that the Agreement does not moot this case, the Court turns to whether Buc-ee's lawsuit against the Bucks Defendants should be transferred to another court. Buck's moves to transfer Buc-ee's claims against it to the United States District Court for the District of Nebraska pursuant to a forum-selection clause in the Agreement.[6] Defendants BSD and Richardson move to transfer Buc-ee's case against them to the District of Nebraska based on the convenience of the parties.[7] The Court first addresses Buck's

---

5. In certain instances, a defendant's voluntary cessation of challenged conduct will moot a case. *Sossamon v. Lone Star State of Tex.,* 560 F.3d 316, 324–25 (5th Cir. 2009).

6. Like their Rule 12(b)(1) motion, the Bucks Defendants' motion to transfer pursuant to the Agreement's forum-selection clause is brought by Bucks, BSD, and Richardson, collectively. But as discussed, *supra,* Part III.A.1, the parties do not dispute that only Bucks and Buc-ee's were signatories to the Agreement. The parties also do not dispute that Buc-ee's was not a signatory to, or otherwise bound by, any other agreement with BSD or Richardson. The Court therefore finds neither

BSD nor Richardson may rely on the Agreement's forum-selection clause as a ground for transferring Buc-ee's lawsuit against them and denies BSD and Richardson's motion to transfer to the extent it relies on the Agreement's forum-selection clause. *See MaxEn Capital, LLC v. Sutherland,* No. H-08-3590, 2009 WL 936895, at *4 (S.D. Tex. Apr. 3, 2009) (Rosenthal, J.). The Court considers the Agreement's forum-selection clause only as it pertains to Buc-ee's claims against Buck's.

7. Defendant Tildon does not join in the Bucks Defendants' motion to transfer and expressly opposes transfer. *Joint Discovery/Case Man-*

460

motion to transfer pursuant to the Agreement's forum-selection clause, then turns to BSD and Richardson's motion to transfer for convenience.

### 1. Transfer of Buc-ee's Claims Against Buck's Pursuant to the Forum–Selection Clause

 Buck's contends the Agreement contains a forum-selection clause, requiring the transfer of Buc-ee's claims against it to the District of Nebraska. When evaluating a motion to transfer venue pursuant to a forum-selection clause, the Court must first determine whether a contractually valid forum-selection clause exists. *See Atl. Marine Constr. Co. v. U.S. Dist. Court for the W. Dist. of Tex.,* —— U.S. ——, 134 S.Ct. 568, 581 n.5, 187 L.Ed.2d 487 (2013); *see also Stinger v. Chase Bank, USA, NA,* 265 Fed.Appx. 224, 226–27 (5th Cir. 2008) (per curiam). Second, if such a clause exists, the Court must determine whether the present case falls within the scope of the forum-selection clause. *See Atl. Marine Constr. Co.,* 134 S.Ct. at 581 n.5; *Stinger,* 265 Fed.Appx. at 226–27.

 The parties do not dispute the first inquiry: Buck's and Buc-ee's were both signatories to the Agreement, which contains a contractually valid forum-selection clause. Buc-ee's, however, disputes the second inquiry, contending Buc-ee's lawsuit against Buck's does not fall within the scope of the forum-selection clause. The language of a forum-selection clause determines its scope. *Braspetro Oil Servs. Co. v. Modec (USA), Inc.,* 240 Fed.Appx. 612, 616 (5th Cir. 2007) (per curiam). Forum-selection clauses that apply to all disputes that "relate to" or "are connected with" the

contract are construed broadly, while clauses that apply to disputes "arising out of" or over "the implementation and interpretation of" the contract are construed narrowly. *Blueskygreenland Envtl. Sols., LLC v. Rentar Envtl. Sols., Inc.,* No. 4:11-cv-01745, 2011 WL 6372842, at *4 (S.D. Tex. Dec. 20, 2011) (Ellison, J.). A forum-selection clause's scope is not limited to "claims for breach of the contract that contains it." *MaxEn Capital, LLC v. Sutherland,* No. H-08-3590, 2009 WL 936895, at *6 (S.D. Tex. Apr. 3, 2009) (Rosenthal, J.). Rather, the extent to which a forum-selection clause encompasses a claim "depends principally on how broadly the clauses are worded." *Id.*

The Agreement's forum-selection clause states, in pertinent part, "[Buck's and Buc-ee's] ... agree that ... *any action brought by Buc-ee's under this Agreement,* shall be adjudicated in the state and federal courts in Douglas County, Nebraska." [8] The parties agree the current lawsuit qualifies as an action brought by Buc-ee's. The dispute pertains to whether Buc-ee's lawsuit is brought under the Agreement so as to be encompassed by the Agreement's forum-selection clause. The scope of the Agreement's forum-selection clause turns on the phrase "brought ... under this Agreement." Buc-ee's interprets this phrase narrowly, contending it limits the forum-selection clause to claims that were created because of the Agreement. Buck's contends the clause applies to claims that cannot be adjudicated without first interpreting the Agreement.

The phrase "brought ... under this Agreement" is akin to the wording of narrower forum-selection clauses, such as

*agement Plan Under Rule 26(f) Federal Rules of Civil Procedure,* Document No. 24 at 5. Should the Court find transfer in anyway appropriate, the Bucks Defendants move to sever Buc-ee's claims against Tildon, leaving

them pending in the Southern District of Texas.

8. *Agreement, supra* note 2, at 5 (emphasis added).

those applying to claims "arising out of" an agreement. The word "under" is defined as "controlled, managed, or governed by." OXFORD DICTIONARY (3rd Ed. 2010); *see also In re Wilmer Cutler Pickering Hale & Dorr LLP,* No. 05-08-01395-CV, 2008 WL 5413097, at *4 (Tex. App.–Dallas 2008, orig. proceeding [man. denied]) (finding the plain meaning of "under" to be "subject to the bidding or authority of").

All of Buc-ee's causes of action against Buck's are grounded in the allegation that "[Buck's] recently has begun using the term 'Bucky's' in connection with convenience stores and gas stations in Texas and this District."[9] In defense, Buck's contends Buc-ee's previously agreed (via the Agreement) that Buck's could partake in this allegedly infringing activity and Buc-ee's would not sue as a result of such activity.[10] Buc-ee's construes the Agreement differently, contending it prohibits Buck's conduct and allows Buc-ee's to bring this lawsuit.[11] Regardless of which parties' interpretation of the Agreement is correct, however, neither party disputes that the Agreement must be interpreted to determine the validity of Buc-ee's lawsuit against Buck's. In other words, the validity of Buc-ee's lawsuit and the alleged conduct on which it is based is controlled, managed, or governed by the Agreement. Thus, Buc-ee's lawsuit is brought under the Agreement.[12] *See Terraspan, LLC v. RAVE, LLC,* No. 3:13-CV-0816-K, 2012 WL 6115721, at *3 (N.D. Tex. Dec. 10, 2012) (Kinkeade, J.) ("Where enforcement of a provision in the parties' agreements is a defense to a claim, that claim involves a right or remedy under the contract and should fall within the scope of the forum-selection clause."). Accordingly, Buc-ee's lawsuit against Buck's falls within the scope of the Agreement's forum-selection clause.

## 2. Transfer of Buc-ee's Claims Against BSD and Richardson based on Convenience

Having found that a contractually valid forum-selection clause applies to Buc-ee's claims against Buck's[13] but not to Buc-ee's claims against BSD and Richardson,[14] the Court turns to whether Buc-ee's claims against BSD and Richardson should

9. *Complaint,* Document No. 1 at 5.

10. *Defendants Bucks, Inc., BSD Bright Site Development LLC, and Nathan Richardson's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6), and, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a),* Document No. 22 at 5.

11. *Buc-ee's Opposition to Defendants' BSD Bright Site Development LLC, Buck's, Inc., and Nathan Richardson's Motions to Dismiss and Alternative Motion to Transfer Venue,* Document No. 30 at 6–10.

12. The paragraph containing the forum-selection clause reads in full:

This Agreement is made and entered into without either party entering the state of the other and shall in all respects be construed, interpreted, enforced, and governed under the Federal laws of trademarks and the common law of the United States of America, excluding its choice of law rules.... The parties also agree that ... any action brought by Buc-ee's under this Agreement shall be adjudicated in the state and federal courts located in Douglas County, Nebraska.

*Agreement, supra* note 3, at 5. Buc-ee's also contends the first sentence of this paragraph places a condition on the enforcement of the forum-selection clause contained in the second sentence. In other words, Buc-ee's contends the forum-selection clause is conditioned on Buck's not entering Texas and Buc-ee's not entering Nebraska. However there is no conditional language, such as "if", "provided that", "on the condition that", linking the two sentences; nor does the plain language of the paragraph otherwise support Buc-ee's asserted interpretation in any way.

13. *Supra* Part III.B.1 at 10–11.

14. *Supra* Part III.B. at 9 n.7.

nevertheless be transferred. BSD and Richardson contend Buc-ee's claims against them should be transferred to the District of Nebraska based on the convenience of the parties. Buc-ee's contends its claims against BSD and Richardson should not be transferred because the District of Nebraska is not a proper venue.

 Under 28 U.S.C. § 1404(a), a court may transfer any civil action "[f]or the convenience of the parties and witnesses, in the interest of justice ... to any other district where it may have been brought." 28 U.S.C. § 1404(a). In determining whether to transfer, the court must first determine "if the judicial district sought by the movant is one in which the case could have originally been brought." *Lincoln Imps., Ltd., Inc. v. Santa's Best Craft, Ltd.,* No. H-07-2803, 2008 WL 1781020, at *1 (S.D. Tex. Apr. 16, 2008) (Miller, J.). This requires a showing that the transferee court (the United States District Court for the District of Nebraska) is a proper venue. *Id.* If the court determines the transferee district is one in which the case could have originally been brought, "the court must determine by balancing certain public and private factors whether the convenience of the parties and witnesses, and the interest of justice require that the case be tried elsewhere." *Id.* A party moving to transfer bears the burden of demonstrating to the

Court that a transfer is warranted. *Time, Inc. v. Manning,* 366 F.2d 690, 698 (5th Cir. 1966). With regards to the first step of the convenience transfer inquiry, the Bucks Defendants contend the District of Nebraska is a proper venue.[15] Buc-ee's contends the District of Nebraska is not a proper venue. When no special, restrictive venue statute applies, the general venue statute, 28 U.S.C. § 1391, controls. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 312 (5th Cir. 2008). Under section 1391, proper venue may be established in one of three ways. *Id.*

First, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). A defendant business entity "shall be deemed to reside ... in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." *Id.* § 1391(c). A natural person "shall be deemed to reside in the judicial district in which that person is domiciled. *Id.* There is no evidence that BSD is subject to the District of Nebraska's personal jurisdiction with respect to Buc-ee's case. In this regard, BSD and Richardson offer only the conclusory statement that BSD "has substantial contacts with Nebraska."[16] This is not sufficient to establish the Nebraska court's personal jurisdiction

**15.** In support of their motion to transfer venue for convenience, BSD and Richardson also consent to the jurisdiction of the District of Nebraska. *Reply Brief in Support of Defendant Bucks, Inc., BSD Bright Site Development LLC, and Nathan Richardson's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6) and in the Alternative Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a),* Document No. 34 at 14. The Court declines to consider BSD and Richardson's consent and waiver in the Court's determination of whether this lawsuit could have originally been brought in the District of Nebraska. *See Hoffman v. Blaski,* 363 U.S. 335, 355, 80 S.Ct. 1084, 4 L.Ed.2d

1254 (1960) ("[I]t is immaterial [to the transfer analysis] that the defendant subsequently (makes himself subject, by consent, waiver of venue and personal jurisdiction defenses or otherwise, to the jurisdiction of some other forum).").

**16.** *Defendants Bucks, Inc., BSD Bright Site Development LLC, and Nathan Richardson's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6), and, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a),* Document No. 22, Exhibit 2 at 3–4 *(Declaration of Steven J. Buchanan )* [hereinafter *Buchanan Declaration* ].

over BSD. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.,* 253 F.3d 865, 869 (5th Cir. 2001); *see also Lansing Trade Group, LLC v. 3B Biofuels GmbH & Co., KG,* 612 F.Supp.2d 813, 819 (S. D. Tex. Apr. 27, 2009) (Rosenthal, J.) (recognizing that when determining whether a court has personal jurisdiction over a defendant "[t]he court is not obligated to credit conclusory allegations, even if uncontroverted."). Nor is there evidence that Richardson, an individual, is domiciled in Nebraska. The only evidence of Richardson's domicile is his address listed in BSD's entity records as being in Barker, Texas, not Nebraska.[17] Section 1391(b)(1) is therefore inapplicable.

Second, venue is also proper in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred ...." *Id.* § 1391(b)(2). In addressing trademark venue under section 1391(b)(2), courts consider several factors, including whether the allegedly infringing activity took place in the district, "whether confusion to consumers is likely to occur in the district, whether sales occur there, and whether the defendant actively targeted the district for advertising or other sales-related purposes." *Francesca's Collections, Inc. v. Medina,* No. H-11-307, 2011 WL 3925062, at *1 (S.D. Tex. Sept. 7, 2011) (Werlein, J.) (quoting 14D CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE: JURISDICTION § 3806, 1 at 216 (3d ed. 2007) (internal quotations omitted). Nei-

ther BSD nor Richardson offers evidence that any of the allegedly infringing activity giving rise to Buc-ee's case occurred in the District of Nebraska. Rather, the allegations are that the Defendants sought to infringe on Buc-ee's mark in the Southern District of Texas, that such allegedly infringing activity would cause confusion to consumers in the Southern District of Texas, that any sales by the defendants' allegedly infringing businesses would occur in the Southern District of Texas, and that the Southern District of Texas was specifically targeted for such purposes. Section 1391(b)(2) is therefore inapplicable.

Lastly, "if there is no district in which an action may otherwise be brought as provided by [section 1391], any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action" is a proper venue. 28 U.S.C. § 1391(b)(3). However, it is undisputed that the Southern District of Texas is a proper venue as to BSD and Richardson because a substantial part of the events giving rise to Buc-ee's claims against BSD and Richardson took part here. Section 1391(b)(3) is therefore inapplicable.

■ The Court thus finds that BSD and Richardson have failed to carry their burden of establishing this case could have otherwise been brought in the District of Nebraska. Accordingly, BSD and Richardson's motion to transfer for convenience is denied.[18]

---

17. *Buc-ee's Opposition to Defendants' BSD Bright Site Development LLC, Buck's, Inc., and Nathan Richardson's Motions to Dismiss and Alternative Motion to Transfer Venue,* Document No. 30, Exhibit 8 at 7.

18. In addition to establishing that venue is proper in the District of Nebraska, BSD and Richardson must also show that the District of Nebraska would have had personal jurisdiction over them. As discussed above, BSD and Richardson have failed to make this showing as to BSD. Nor have BSD and Rich-

ardson established that the District of Nebraska would have had personal jurisdiction over Richardson. The only allegations in this regard are that (1) Richardson is an employee of Buck's and the sole member of BSD; and (2) "Richardson travels to Omaha on roughly a monthly basis to update Buck's on BSD's business activities." *Buchanan Declaration, supra* note 16, at 3–4. These allegations are insufficient to establish the State of Nebraska's specific or general jurisdiction over Richardson. First, personal jurisdiction over an

### 3. Whether to Sever and Transfer Buc-ee's Claims Against Buck's

The Court has found that a contractually valid forum-selection clause applies to Buc-ee's claims against Buck's but not to Buc-ee's claims against BSD and Richardson because those parties were not signatories to the Agreement. The Court has also found that the transfer of Buc-ee's claims against BSD and Richardson is not otherwise appropriate because venue would not be proper as to BSD and Richardson in the District of Nebraska. Therefore, the Court must now address whether Buc-ee's claims against Buck's should be severed and transferred to the District of Nebraska, leaving Buc-ee's claims against the remaining defendants pending in the Southern District of Texas.

When a forum-selection clause is not applicable to all parties in a lawsuit, a court may be required to sever those parties and claims within the purview of the forum-selection clause "while the claims against the remaining defendant[s], for whom transfer would not be proper, are retained in the original court." *In re Rolls Royce Corp*, 775 F.3d 671, 679 (5th Cir. 2014) "For cases where all parties signed a forum-selection contract, the analysis is easy: except in a truly exceptional case, the contract controls." *Id.* When there are parties to the lawsuit that are not subject to the forum-selection clause, however, "[t]he analysis becomes more difficult." *Royal Smit Transformers BV v. HC BEA–LUNA M/V*, No. 16-14647, 2017 WL 819243, at *3 (E.D. La. Mar. 2, 2017) (Affrick, J.). In such situations, a court has "essentially three options: (1) transfer the entire case; (2) sever and transfer only the parties bound by the forum-selection clause; and (3) maintain the entire lawsuit in this district notwithstanding the forum-selection clause." *Id.* (citing *Rolls Royce*, 775 F.3d at 679).

The first option—to transfer the entire case to the District of Nebraska—is not available in this case because, as discussed *supra*, Part III.B.2, venue in the District of Nebraska is not proper as to BSD and Richardson.[19] As for the latter two options, in *Rolls Royce*, the Fifth Circuit instructed courts to follow a three-step process in determining which option is appropriate: First, "the private factors of the parties who have signed a forum agreement must, as a matter of law, cut in favor of severance and transfer to the contracted for forum." *Rolls Royce*, 775 F.3d at 681. Second, "the district court must consider the private factors of the parties who have not signed a forum-selection agreement . . . ."[20] *Id.* Before proceeding to the third

employee does not automatically follow from jurisdiction over his employer. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 781 n.13, 104 S.Ct. 1473, 79 L.Ed.2d 790 (1984) (citing *Calder v. Jones*, 465 U.S. 783, 790, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984)). The second allegation is likewise not sufficient to establish specific jurisdiction because there is no indication that the pending litigation is the result of injuries to Buc-ee's "aris[ing] out of or relat[ing] to" Richardson's monthly trips to Omaha, Nebraska. *See Panda Brandywine Corp.*, 253 F.3d at 868. Nor does the second allegation establish general jurisdiction, as it is too vague and overgeneralized. *See Johnston v. Multidata Sys. Intern. Corp.*, 523 F.3d 602, 610 (5th Cir. 2008). Thus, even if the Court agreed that the District of Nebraska is a

proper venue as to BSD and Richardson, transfer of Buc-ee's claims against them would still be inappropriate.

19. Nor has there been a showing that venue in the District of Nebraska is proper as to Defendant Tildon.

20. In applying the *Rolls Royce* framework, the private factors a court should consider include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *Volkswagen*, 545 F.3d at 315.

step, a court is to make a preliminary determination of whether the first two considerations weigh in favor of severance and transfer. *Id.* Finally, the court must then ask "whether the preliminary [determination] is outweighed by the judicial economy considerations of having all claims determined in a single lawsuit." *Id.* The Court addresses each consideration in turn.

### i. The Private Factors of the Parties

First, as signatories to the Agreement, the private interest factors of Buc-ee's and Buck's weigh in favor of severance and transfer as a matter of law. *See Royal Smit*, 2017 WL 819243, at *4. Regarding the second consideration, the *Rolls Royce* framework is generally applied to cases in which the non-signatories to a forum-selection clause oppose transfer.[21] Here, two of the three non-signatories to the Agreement (BSD and Richardson) are in favor of and have moved to transfer. BSD and Richardson contend the "private interest factors ... weigh in favor of transferring the case against BSD and Richardson to the State of Nebraska."[22] BSD and Richardson also allege they have connections to the District of Nebraska. On the other hand, BSD is a Texas limited liability company located in Dallas. The evidence indicates that Richardson also resides in Texas. Defendant Tildon—also a Texas limited liability company—has not responded to the Bucks Defendants' motion to transfer but has expressed an opposition to trans-

fer.[23] Buc-ee's alleges BSD and Richardson "will have documents and witnesses in Texas."[24]

Overall, although BSD, Richardson, and Tildon have connections with Texas, they have not provided evidence indicating that their private interests weigh in favor of maintaining Buc-ee's entire lawsuit in this district. At this point in the analysis, therefore, the Court finds the first two *Rolls Royce* considerations weigh in favor of severing Buc-ee's claims against Buck's and transferring only them to the District of Nebraska. This gives Buc-ee's and Buck's the benefit of their bargain while also respecting Buc-ee's choice of venue as to those defendants that had not previously entered into a forum-selection agreement with Buc-ee's.

### ii. Judicial Economy Considerations

■ Having found the first two considerations weigh in favor of severance and transfer, the Court proceeds to the final step. "[T]he Court can avoid severance and transfer ... when the preliminary considerations outlined above 'are outweighed by the judicial economy considerations of having all claims determined in a single lawsuit.' " *Id.* (quoting *Rolls Royce*, 775 F.3d at 681). While the court's interest in having all claims determined in a single lawsuit plays a "cardinal role" in the severance-and-transfer analysis, it is not the only relevant factor. *Id.* Other important

---

21. *See Royal Smit*, 2017 WL 819243, at *1–3; *Ha Thi Le v. Lease Finance Group, LLC*, No. 16-14867, 2017 WL 2915488, at *1–3, *7 (E.D. La. May 8, 2017) (Affick, J.); *Hyundai Merchant Marine Co. v. Conglobal Industries, LLC*, No. 3:15-CV-3576-G, 2016 WL 1613949, at *2, *4–5 (N.D. Tex. Apr. 21, 2016) (Fish, J.).

22. *Reply Brief in Support of Defendant Bucks, Inc., BSD Bright Site Development LLC, and Nathan Richardson's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6) and in the Alternative Motion to Transfer Venue Pursuant*

to 28 U.S.C. § 1404(a), Document No. 34 at 14.

23. *Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure*, Document No. 24 at 5.

24. *Buc-ee's Opposition to Defendants' BSD Bright Site Development LLC, Buck's, Inc., and Nathan Richardson's Motions to Dismiss and Alternative Motion to Transfer Venue*, Document No. 30 at 14 n.3.

public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws of laws of the application of foreign law. *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004). In applying these factors, the court must keep in mind the United States Supreme Court's instruction that a contractually valid forum-selection clause should be enforced "unless extraordinary circumstances ... appear to be present in [the] case." *Atl. Marine Constr. Co.*, 134 S.Ct. at 581.

The Court initially notes that Buc-ee's allegations are made collectively against all of the defendants. At this stage of the litigation, Buc-ee's does not delineate what facts support which claims against each defendant. However, the failure of Buc-ee's to plead specifically does not render the claims against each defendant so inextricably intertwined as to make it unusually difficult for a court to evaluate the merits of the allegations against any single defendant. *See Ha Thi Le*, 2017 WL 2915488, at* 1, *7.

Buc-ee's otherwise makes three arguments in regards to the application of the public interest factors to this case that would justify retaining the claims against Buck's in the Southern District of Texas. First, Buc-ee's contends "the time to trial for trademark cases in [the Southern District of Texas] is much faster than Nebraska ...."[25] Second, Buc-ee's contends Texas has an interest in trying this suit because four of the five parties are Texans

and the allegedly infringing activity is taking place in Texas.[26] Third, Buc-ee's contends the fact that Texas trademark law applies to some of its claims weighs against transfer. The Court finds these are common difficulties associated with any transfer of a multi-party lawsuit and do not rise to the level of "extraordinary" so as to justify the retention of claims subject to a forum-selection clause. *See Atl. Marine Constr. Co.*, 134 S.Ct. at 575, 581, 583. In this case, as in all but the "most unusual" cases, the interest injudicial economy is insufficient to deny effect to a valid forum-selection clause. *Ha Thi Le*, 2017 WL 2915488, at *8. Accordingly, Buck's motion to transfer pursuant to the Agreement's forum-selection clause is granted only as to Buc-ee's claims against Buck's. Buc-ee's claims against Buck's are severed and shall be transferred to the District of Nebraska, Omaha Division. Buc-ee's claims against BSD, Richardson, and Tildon will remain in this Court.

## C. The Bucks Defendants' Rule 12(b)(6) Motion to Dismiss

■ Because Buc-ee's claims against BSD, Richardson, and Tildon will remain in this Court, the Bucks Defendants' remaining contentions must be addressed. The Bucks Defendants seek dismissal of Buc-ee's claims against BSD and Richardson under Rule 12(b)(6), contending Buc-ee's fails to state a claim against those defendants. Federal Rule of Civil Procedure 8 requires a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Court has reviewed

---

25. *Buc-ee's Opposition to Defendants' BSD Bright Site Development LLC, Buck's, Inc., and Nathan Richardson's Motions to Dismiss and Alternative Motion to Transfer Venue*, Document No. 30 at 14.

26. Buc-ee's also alleges that many third-party witnesses are in Texas. However, in light of the contractually valid forum-selection clause, the Court declines to consider the private interests of Buc-ee's in litigating the suit in Texas. *Atl. Marine Const. Co.*, 134 S.Ct. at 582.

Buc-ee's complaint and finds Buc-ee's has not met the pleading requirements of the Federal Rules of Civil Procedure. However, unless futile, courts generally allow one chance to amend deficient pleadings before dismissing with prejudice. *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 329 (5th Cir. 2002). Accordingly, Buc-ee's is granted leave to amend its complaint so that the complaint is responsive to the issues raised by the Bucks Defendants' Rule 12(b)(6) motion to dismiss and is compliant with Rule 8.[27] The Bucks Defendants' Rule 12(b)(6) motion to dismiss is denied without prejudice.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendants Bucks, Inc., BSD Bright Site Development LLC, and Nathan Richardson's Motion to Dismiss Pursuant to Rules 12(b)(1), 12(b)(6), and, in the Alternative, Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(a) (Document No. 22) is **GRANTED IN PART** and **DENIED IN PART**, as follows:

- The Bucks Defendants' motion to dismiss pursuant to Rule 12(b)(1) is **DENIED.**
- The Bucks Defendants' motion to transfer venue is **GRANTED** as to Buc-ee's claims against Buck's. All of Buc-ee's claims against Buck's are hereby **SEVERED** and **TRANSFERRED** to the United States District Court for the District of Nebraska, Omaha Division.
- The Bucks Defendants' motion to transfer venue is **DENIED** as to Buc-ee's claims against BSD and Richardson.

27. As the Court has ordered Buc-ee's claims against Buck's to be severed and transferred,

- The Bucks Defendants' motion to dismiss pursuant to Rule 12(b)(6) is **DENIED WITHOUT PREJUDICE.** The Court further **ORDERS** that Buc-ee's shall file an amended complaint within twenty-one days from the date of this Order that is responsive to the issues raised by the Bucks Defendants' Rule 12(b)(6) motion to dismiss and is compliant with Rule 8. Failure to file an amended complaint within twenty-one days will result in the dismissal of Buc-ee's case against BSD and Richardson without further notice.

the amended complaint filed with this Court shall not reassert any claim against Buck's.