REVISED

# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 30, 2021

Lyle W. Cayce
Clerk

No. 20-51018
Summary Calendar

Deborah Laufer,

*Plaintiff—Appellant*,

*versus*

Galtesvar OM, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-588

Before Wiener, Southwick, and Duncan, *Circuit Judges*.
Per Curiam:*

Deborah Laufer is a person with a disability within the meaning of Title III of the Americans with Disabilities Act ("ADA"). *See* 42 U.S.C. § 12182 *et seq*. She sued Galtesvar, owner and operator of the Quality Inn &

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-51018

Suites in Carrizo Springs, Texas, alleging violations of federal regulations because third-party websites did not provide an option to book accessible rooms or information regarding whether such rooms were available at the Quality Inn & Suites. *See* 28 C.F.R. § 36.302(e)(1). She has filed hundreds of similar lawsuits across the country, considering herself an ADA "tester." The district court dismissed Laufer's claims for lack of standing because her injuries were insufficiently "concrete" to confer standing. We AFFIRM.

We review the district court's dismissal for lack of subject-matter jurisdiction *de novo*. *Campos v. United States*, 888 F.3d 724, 729 (5th Cir. 2018). Laufer bears the burden of proof for a Rule 12(b)(1) motion to dismiss. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Standing requires an injury in fact that is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quotation marks and citations omitted).

This court recently issued a decision that addressed the identical issue presented here by the same plaintiff. *See Laufer v. Mann Hosp., L.L.C.*, No. 20-50858, slip op. (5th Cir. Apr. 28, 2021). The result therefore must be the same. Laufer's injury is insufficiently concrete to confer standing, as she never alleged in either case that she tried or intended to book a room at the relevant defendant's hotel. *See id.* at 4. Just as in that case, she made only a general assertion of her "plans to travel to Texas as soon as the Covid crisis is over and it is safe to travel." *See id.* at 4.

AFFIRMED.