# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2022

Lyle W. Cayce
Clerk

No. 22-40075

Ted Dahl,

*Plaintiff—Appellant*,

*versus*

Village of Surfside Beach, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:20-CV-201

Before Graves, Willett, and Engelhardt, *Circuit Judges*.
Per Curiam:*

Plaintiff-Appellant Ted Dahl ("Dahl") challenges the dismissal of his claims for inverse condemnation and a declaratory judgment against Defendant-Appellee Village of Surfside Beach, Texas ("Surfside"). Dahl contends that the district court erred in dismissing his complaint for lack of ripeness. For the reasons explained below, we AFFIRM the district court's dismissal.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-40075

I

In March 2020, Ted Dahl applied for a permit to build a single-family home at 1739 Bluewater Highway (the "Property") in Surfside. Surfside's Dune Protection and Beach Access Plan ("Plan") requires a Beachfront Construction Certificate for properties (1) adjacent to or landward of the public beach but south of the Bluewater Highway; or (2) within 1,000 feet landward of the mean high tide line ("MHT"), whichever is greater. Dahl's survey of his land determined that the Property is within 1,000 feet of the MHT. A second Surfside ordinance requires properties on the northern side of the Bluewater Highway to obtain a jurisdictional determination, also referred to as a wetlands-delineation report, from a qualified geologist or biologist to determine whether the property sits on any federally protected wetlands. The Property is on the northern side of the Bluewater Highway.

Dahl submitted his application for a building permit to Surfside's building official, Kay Huffman ("Huffman"). On March 23, 2020, Huffman emailed Dahl to acknowledge the receipt of his application and to notify him that his application was incomplete. Huffman listed eleven deficiencies that needed to be rectified for Dahl's application to be complete. These deficiencies included: the lot size, the quantity of sand intended to be brought into the lot, engineering drawings with the home address indicated, the original application for the on-site sewage facility, color photos for submission to the Texas General Land Office for review, and the wetlands-delineation report. Accordingly, Dahl did not receive a building permit for the Property. Surfside's building code authorizes the Surfside Town Council to hear appeals of decisions made by Surfside's building official. Dahl did not file any appeal with the Town Council.

Instead, Dahl filed suit in the 239th Judicial District Court of Brazoria County, Texas, seeking declaratory relief. Dahl argued that Surfside's

2

requirement that property owners obtain a jurisdictional determination to assess whether their land sits on federal wetlands was preempted by federal legislation. Surfside removed the case to federal court in April 2020. Dahl amended his complaint to add an argument that an unwillingness to comply with Surfside's building requirements would result in a denial of the necessary permit and deprivation of all economically viable use of the land. Dahl argues that this is an unconstitutional taking in violation of the Fifth Amendment.

In September 2021, Surfside filed a motion to dismiss under Rules 12(b)(1) and 12(b)(6), or in the alternative, a motion for summary judgment. In this motion, Surfside contended that the district court lacked subject matter jurisdiction because Dahl's takings claim was not ripe. Surfside argued that Dahl's failure to obtain any decision from Surfside's building official meant that his takings claim was not ripe for judicial review. Surfside also argued that Dahl failed to pursue any other administrative remedies, specifically, by not filing an appeal with the Town Council. The district court agreed with Surfside, granted its 12(b)(1) motion, and dismissed both of Dahl's claims for lack of subject matter jurisdiction. Accordingly, the district court did not address Surfside's 12(b)(6) motion. On appeal, Dahl challenges the district court's determination that his claims were not ripe for adjudication.

II

We review *de novo* a grant of a motion to dismiss, applying the same standards as the district court. *LeClerc v. Webb,* 419 F.3d 405, 413 (5th Cir. 2005) (citing *Bombardier Aerospace v. Ferrer, Poirot & Wansbrough*, 354 F.3d 348, 352 (5th Cir. 2003)). We may affirm on any ground supported by the record, including one not reached below. *In re S. Recycling, L.L.C.*, 982 F.3d 374, 382 (5th Cir. 2020) (citing *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777,

781 (5th Cir. 2012)). A motion filed under Rule 12(b)(1) "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (citing Fed. R. Civ. P. 12(b)(1)). "The district court must dismiss [an] action if it finds that it lacks subject matter jurisdiction." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing Fed. R. Civ. P. 12(h)(3)). "Ripeness is a question of law that implicates this court's subject matter jurisdiction . . . ." *Urb. Devs. LLC v. City of Jackson*, 468 F.3d 281, 292 (5th Cir. 2006).

The district court can dismiss for lack of subject matter jurisdiction based on any one of the following three bases: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ballew*, 668 F.3d at 781 (citing *Ramming*, 281 F.3d at 161). The party asserting jurisdiction in opposition to a Rule 12(b)(1) motion bears the burden of proof, thus the plaintiff usually bears the burden of proving that jurisdiction exists. *Id.*

### III

"Under the Declaratory Judgment Act, any federal court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *TOTAL Gas & Power N. Am., Inc. v. FERC*, 859 F.3d 325, 332 (5th Cir. 2017) (citing 28 U.S.C. § 2201(a)). "[A] declaratory judgment action, like any other action, must be ripe in order to be justiciable." *Id.* (citing *Orix Credit All., Inc. v. Wolfe*, 212 F.3d 891, 895 (5th Cir. 2000)). "If the action is not ripe, the court must dismiss it." *Id.* "[T]he ripeness doctrine seeks to separate matters that are premature for review because the injury is speculative and may never occur, from those cases that are appropriate for

federal court action." *Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 544 n.12 (5th Cir. 2008) (quoting Erwin Chemerinsky, *Federal Jurisdiction* § 2.4.1 (5th ed. 2007)). We have provided the following standard for determining whether a dispute is ripe for adjudication:

> A court should dismiss a case for lack of 'ripeness' when the case is abstract or hypothetical. The key considerations are 'the fitness of the issues for judicial decision and the hardship to the parties of withholding court consideration.' A case is generally ripe if any remaining questions are purely legal ones; conversely, a case is not ripe if further factual development is required.

*New Orleans Public Service, Inc. v. Council of New Orleans*, 833 F.2d 583 586-87 (5th Cir.1987) (citations omitted). For these reasons, a declaratory judgment cannot be based on a possible future factual situation that may never develop. *Id.* at 587-88; *Texas v. United States*, 523 U.S. 296, 300 (1998) ("A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.") (citation and internal quotation marks omitted).

Dahl argues that ripeness is not a bar to justiciability when an issue centers on the meaning of a general rule, like the ordinance in this case. Dahl further argues that this matter is ripe for adjudication because all that must be determined is a question of law, and no further factual development is required. We disagree. Surfside never made any decision, let alone a final decision, regarding a building permit for the Property. Additionally, besides the missing wetlands-delineation report, Dahl's application was deficient in ten other categories that he wholly fails to mention. Thus, Dahl's contention that only a question of law remains is inaccurate and, the ripeness standard he puts forth is inapplicable.

No. 22-40075

In an effort to explain away the lack of a final decision, Dahl argues that "the futility doctrine bars application of the exhaustion doctrine" in determining ripeness. But again, multiple avenues remain unexplored. First, we reiterate that there is no decision for the government to change because Surfside never rendered a decision. Second, had Surfside rendered a decision, Dahl could have appealed that decision to the Town Council. Dahl concedes that he did not appeal to the Town Council. However, he argues any appeal would have been futile because the Town Council could "only grant Dahl a building permit if it ignored the city ordinance." This argument is premised on Rule 112.2 which states that the Council "shall have no authority to waive requirements of this code." But Rule 112.2 also states that "[a]n application for appeal shall be based on a claim that the true intent of this code or the rules legally adopted thereunder have been incorrectly interpreted, the provisions of this code do not fully apply, or an equally good or better form of construction is proposed." Dahl never presented the Town Council with his contention that the wetlands-delineation requirement is preempted by federal law, so it has not yet had an opportunity to interpret the requirement or determine if it fully applies to Dahl. Again, the Town Council has not yet had this opportunity because Dahl has not even secured an initial decision on his application. Thus, Dahl failed to exhaust his remedies.

Since Surfside rendered no final decision and Dahl ignored relevant forms of relief, we AFFIRM the district court's dismissal of Dahl's declaratory judgment claim as unripe.

IV

It is unclear whether Dahl appeals the dismissal of his takings claim. We address the issue out of an abundance of caution, and the result is the same. "The Takings Clause of the Fifth Amendment, made applicable to the

6

States through the Fourteenth Amendment, directs that private property shall not be taken for public use, without just compensation." *Urb. Devs. LLC*, 468 F.3d at 292 (citing *Chicago, B. & Q.R. Co. v. Chicago,* 166 U.S. 226, 234 (1897)) (quotation omitted). Recently, the Supreme Court held that if "a plaintiff alleges a regulatory taking in violation of the Fifth Amendment, a federal court should not consider the claim before the government has reached a final decision." *Pakdel v. City & Cnty. of San Francisco, California,* 141 S. Ct. 2226, 2228 (2021) (citing *Suitum v. Tahoe Regional Planning Agency,* 520 U.S. 725, 737 (1997)) (quotation omitted). The Supreme Court further explained that for the government's decision to be final, a plaintiff must show that "there [is] no question . . . about how the regulations at issue apply to the particular land in question." *Id.* at 2230 (citing *Suitum,* 520 U.S. at 739) (quotation omitted). As discussed above, Dahl has not secured a final decision from Surfside on his application.  Accordingly, we AFFIRM the district court's dismissal of Dahl's takings claim as unripe.

V

The judgment of the district court is AFFIRMED.